OPINION OF THE COURT
Donald J. Corbett, Jr., J.
Claimant seeks to strike the defendant’s third affirmative defense and requests permission to file a verified claim nunc pro tunc. By cross motion, the defendant seeks dismissal of the claim herein, essentially upon the ground that the omitted verification is jurisdictional and, at this point in time, cannot be ameliorated, mandating dismissal.
*800 The underlying cause of action sounds in negligence as a result of an accident occurring at Groveland Correctional Facility on October 21, 1995 in which a steel lid allegedly fell upon claimant’s hand causing permanent injuries to her right middle finger. A properly verified notice of intention to file a claim was served upon the defendant by certified mail, return receipt requested, on November 17, 1995. The claim was served twice by certified mail, return receipt requested, on September 15 and 16, 1997. The answer is dated September 24, 1997, and includes as its third affirmative defense the allegation that the claim failed to comply with section 11 (b) of the Court of Claims Act in that it was unverified and that the defendant elected to treat it as a nullity.*
There is no dispute that the claim was not verified. Litigation proceeded through the normal course of discovery, a note of issue was filed on January 18, 2000, and a trial was scheduled for September 18, 2000. Only then did the parties awaken to the unresolved question of verification.
Claimant argues that the defendant did not actually treat the claim as a nullity as it did engage in usual trial discovery and depositions, did not move to strike the note of issue, that no prejudice would ensue, that an irregular verification is merely a defect in the form of the pleading which may be corrected if the adverse party insists upon it, and urges me to modify or correct any claim in the furtherance of justice (Court of Claims Act § 9 [8]). Claimant asserts that the omission was inadvertent, and that the technical deficiency is not a fatal jurisdictional defect, citing Williams v State of New York (77 Misc 2d 396).
The primary issue raised by the defendant is whether an unverified claim implicates the court’s jurisdiction. The defendant suggests that a defective verification may be corrected and thus may not be jurisdictional in nature, whereas the total absence of a verification is jurisdictional. Regardless, here I am reviewing an unverified claim, not one which contains a putatively defective verification.
Traditionally, when faced with an unverified or defectively verified claim, CPLR 3022 provides the statutory solution, and allows the recipient to treat the pleading as a nullity, provided that the serving party is given notice “with due diligence” that *801 it is being so treated. Some lower courts have held that due diligence means within 24 hours, while the Court of Appeals has not specified a time period (Matter of Miller v Board of Assessors, 91 NY2d 82, 86, n 3). But more significant than the measure of the period of due diligence (here such notice was contained in the answer dated some nine days after service of the claim), the Court in Miller examined what appears to be the generally accepted practice of formally treating a pleading as a nullity, to wit, “returnfing] the petition with notification of the reason(s)” (id., at 86 [emphasis supplied]). Thus, as the Court of Appeals recognized, the challenged pleading is generally, although not by statutory mandate, returned to the serving party, with due diligence, setting forth the reasons for the treatment as a nullity.
Here, the defendant attempted to do so by “preserving” the issue as an affirmative defense. It is unnecessary for me to reach the question of whether the nine-day period meets the due diligence test, because the very act of serving an answer (which included numerous discovery demands), joining issue, a fortiori negated treatment of the claim as a nullity. If defendant had truly treated this as a nullity, no answer would have been served or filed, and the claim would have been returned to the claimant. This was not done, and, under the CPLR, defendant, having served its answer, participated in discovery and not having moved to strike the note of issue, would be deemed to have waived the objection.
However, my inquiry cannot stop there, because the instant motion addresses not the CPLR but the Court of Claims Act and the State’s limited waiver of sovereign immunity. It is immutable that the requirements of Court of Claims Act § 11 (a) and (b) are jurisdictional in nature and must be strictly construed. The courts have, in various cases and controversies, dissected section 11, and unequivocally reiterated the proposition that because suits against the State are allowed only by the State’s waiver of sovereign immunity and in derogation of the common law, statutory requirements regarding claims must be strictly construed (Lurie v State of New York, 73 AD2d 1006, affd 52 NY2d 849).
It is instructive to review the statute and the jurisdictional requirements that have been addressed. Section 11, in relevant part, reads:
“a. (i) The claim shall be filed with the clerk of the court; and * * * a copy shall be served personally or by certified mail, return receipt requested, upon the attorney general within the *802 times hereinbefore provided for filing with the clerk of the court * * * Service * * * shall not be complete until the claim or notice of intention is received in the office of the attorney general. Personal service upon the attorney general shall be made in the same manner as described in section three hundred seven of the civil practice law and rules * * *
“b. The claim shall state the time when and place where such claim arose, the nature of same, and the items of damage or injuries claimed to have been sustained and the total sum claimed * * * The notice of intention to file a claim shall set forth the same matters except that the items of damage or injuries and the sum claimed need not be stated. The claim and notice of intention to file a claim shall be verified in the same manner as a complaint in an action in the supreme court.
“c. Any objection or defense based upon failure to comply with (i) the time limitations contained in section ten of this act, or (ii) the manner of service requirements set forth in subdivision a of this section is waived unless raised, with particularity, either by a motion to dismiss made before service of the responsive pleading is required or in the responsive pleading, and if so waived the court shall not dismiss the claim for such failure.”
“Under section 11, both filing with the court and service on the Attorney-General must occur within the applicable limitations period” (Dreger v New York State Thruway Auth., 81 NY2d 721, 724). Thus timeliness has been deemed jurisdictional.
“Service of the claims upon the Attorney-General by ordinary mail was insufficient to acquire jurisdiction over the State” (Charbonneau v State of New York, 178 AD2d 815, 816, affd sub nom. Dreger v New York State Thruway Auth., supra), and thus the manner of service has been deemed jurisdictional.
Prior to 1990, the jurisdictional imperatives of the timeliness of service and filing, and the manner of service, could be used to seek the dismissal of claims on those grounds and were not waivable.. However, by Laws of 1990 (ch 625), newly enacted Court of Claims Act § 11 (c) required objections or defenses on those grounds to be raised, with particularity, either by a motion to dismiss made before service of the responsive pleading was required or in the responsive pleading, and the failure to do so resulted in the waiver of those jurisdictional grounds for dismissal. With this enactment the Legislature revisited its limited waiver of sovereign immunity, and waived certain elemental jurisdictional defenses if they were not raised in a *803 timely fashion. This broadening of the waiver however did not, and does not, extend to other jurisdictional requirements of section 11 (cf., Walker v State of New York, NYLJ, Aug. 6, 1990, at 21, col 1 [Weisberg, J.], distinguished by Ritangela Constr. Corp. v State of New York, 183 AD2d 817, lv denied 80 NY2d 758).
“[T]he requirement in section 11 that the Attorney-General be served with a copy of the claim was not satisfied * * * resulting * * * in a failure of subject matter jurisdiction which may not be waived” (Finnerty v New York State Thruway Auth., 75 NY2d 721, 723 [emphasis supplied]), and thus service upon the Attorney General is mandatory, jurisdictional, and is not waivable.
More recently, the Court of Appeals in Lichtenstein v State of New York (93 NY2d 911, 913) affirmed dismissal of a claim when that claimant failed to receive letters of administration prior to commencing suit, reaffirmed its ruling in Dreger (81 NY2d 721, supra), noting that “claimants who had not met the literal requirements of Court of Claims Act § 11 had not properly commenced their actions,” and thus the legal standing of the claimant has been deemed jurisdictional.
Similar dismissals have followed for the failure to specify the time when a claim accrued (the absence of the time at which the claim arose is an “ ‘elementary procedural precept’ ” which renders the claim jurisdictionally defective, Harper v State of New York, 34 AD2d 865 [although “no claim should be dismissed if the claimant is unable to ascertain the time at which it arose”]; also see, Karen v State of New York, 111 Misc 2d 396) and for the failure to adequately specify the location where the claim accrued (Cobin v State of New York, 234 AD2d 498, lv dismissed 90 NY2d 925, rearg denied 91 NY2d 849). And thus the need for specificity in time and location have both been deemed jurisdictional.
Thus it can be readily seen that the requirements of section 11 are invariably construed strictly, and a variety of deficiencies have resulted in dismissals on jurisdictional grounds. It must be remembered that section 11 deals with the waiver of sovereign immunity, not with circumstances like those in Matter of Giambra v Commissioner of Motor Vehicles of State of N. Y. (46 NY2d 743), where in a CPLR article 78 proceeding the Court held that the failure to promptly object to service of an unverified pleading would be deemed a waiver.
Now perhaps in a matter of first impression, dismissal is sought for the failure to comply with the statutory imperative, *804 “[t]he claim and notice of intention to file a claim shall be verified in the same manner as a complaint in an action in the supreme court” (Court of Claims Act §11 [b] [emphasis supplied]). I am aware that here the notice of intention was verified, and that the claim was not, but that does not dilute the statutory requirement.
I find that verification is a jurisdictional requisite of the statute, and its absence is a fatal defect. Unlike a tax certiorari petition, where a proper verification is not a jurisdictional defect (Matter of Miller v Board of Assessors, 91 NY2d 82, supra), this matter is more akin to the ruling by the Court of Appeals in the seminal case of Ponsrok v City of Yonkers (254 NY 91, 95), where Judge Pound, joined by Chief Judge Cardozo and four other Judges, held that “[a] notice of claim is not ‘verified by the oath of the claimant’ when the affidavit is subscribed not by the claimant but by the notary” (and see, Berner v City of New York, 276 App Div 1069 [1st Dept]; Matter of Passero & Sons, 237 App Div 638 [4th Dept]; Valenza v State of New York, 14 Misc 2d 128, 131; Dwelle-Kaiser Co. v Frid, 233 App Div 427, 433, affd 259 NY 546). The Ponsrok Court dismissed the action noting that the absence of prejudice is immaterial (Matter of Welch v State of New York, 71 AD2d 494, lv denied 50 NY2d 802; cf., Dimovitch v State of New York, 33 AD2d 146, 149). “The court may not exercise a dispensing power based on the principles of abstract justice fitting the particular case. It may only see that the requirements of the law are complied with” (Ponsrok v City of Yonkers, supra, at 95). In Matter of Welch (supra), the Fourth Department affirmed the dismissals with reluctance because the Court of Claims never had jurisdiction of the claims.
Thus, discretion, equity, or a harsh result may not temper application of a rule of law. “ ‘The state cannot be sued without its consent and it has the right, in authorizing the maintenance of proceedings for the recovery of claims against it, to impose such terms and conditions and to prescribe such procedure as its legislative body shall deem proper. The conditions imposed become jurisdictional facts and determine the status and right of the litigant.’ Being thus a question of jurisdiction it could be raised at any time and could not be waived by any officer or authority representing the state [citations omitted]” (Buckles v State of New York, 221 NY 418, 424).
Furthermore, a jurisdictional defect may not be remedied by amendment of the original claim (Grande v State of New York, 160 Misc 2d 383; Ferrer v State of New York, 172 Misc 2d 1). *805 Similarly, an order may not be made nunc pro tunc to supply a jurisdictional defect by requiring something to be done which was not done (Matter of Welch v State of New York, supra; cf., Williams v State of New York, 77 Misc 2d 396, supra).
In the absence of legislative change, this court is not free to dispense with statutory jurisdictional requirements under principles of “abstract justice fitting the particular case” (Ponsrok v City of Yonkers, supra, at 95).
“Indeed, this court has long held, in the words of Chief Judge Cardozo, that where the ‘legislature has said that a particular form of notice, conveyed with particular details to particular public officers, shall be a prerequisite to the right to sue[,] [t]he courts are without power to substitute something else.’ (Thomann v City of Rochester, 256 NY 165, 172 [emphasis added].) * * *
“Nor may a claimant be relieved of ‘a positive statutory mandate’ simply because no prejudice has resulted, ‘even to avoid a harsh result.’ [Citations omitted.] Indeed, addressing a similar question in Ponsrok v City of Yonkers (254 NY 91, 95), Judge Pound wrote for this court that the ‘fact that the [public body] has not been prejudiced is immaterial. The court may not exercise a dispensing power based on principles of abstract justice fitting the particular case. It may only see that the requirements of the law are complied with.’ ” (Parochial Bus Sys. v Board of Educ., 60 NY2d 539, 548.)
Since claimant has vitiated a statutorily imposed jurisdictional requirement, the claim must be dismissed, and, unfortunately because the three-year Statute of Limitations under CPLR article 2 has lapsed, the ameliorative provisions of Court of Claims Act § 10 (6) and (8) are not available. The cross motion is granted, the claim is dismissed, and the trial of this claim is canceled.

 Claimant could have, but did not, utilize the provisions of CPLR 3020 (d) (3). Similarly the claimant was notified more than three weeks prior to October 21, 1997, the date by which the claim had to be served and filed (see, Court of Claims Act § 10 [3]; General Construction Law § 20).