*414 OPINION OF THE COURT
Donald J. Corbett, Jr., J.
In lieu of an answer, defendant seeks dismissal of the claim herein on numerous grounds. First, it is contended that the claimant did not serve a timely or proper notice of intention to file a claim, or a claim, with respect to most of his causes of action. Second, the remaining causes of action purportedly fail to state a cause of action. Third, the notice of intention to file a claim was not “properly” verified.
It is alleged that on April 1, 2002, claimant served an unverified notice of intention (exhibit A to the moving papers) upon the defendant. The notice of intention, sent by certified mail return receipt requested, makes allegations with regard to access to the law library at Five Points Correctional Facility, alludes to a conspiracy to plan and physically attack/assault the claimant on January 31, 2002, references violation of claimant’s “statutory and state constitutional rights and federal rights,” etc., and is dated March 19, 2002. It contains the unnotarized statement, purportedly signed by claimant, that “I declare under the penalty of perjury that the foregoing is true and correct.”
On April 11, 2002, just 10 days later, claimant served the defendant with a claim that is some 52 pages long, excluding attachments, and which purportedly raises certain additional causes of action not contained within the said notice of intention.
Claimant’s opposition raises the untimeliness of defendant’s responsive motion. However, the claim was purportedly served on April 11, 2002, and the instant motion was commenced by service by mail on May 14, 2002, within the 40-day period permitted pursuant to 22 NYCRR 206.7. Claimant also contends that he served three different notices of intention upon the defendant, copies of which are appended to his opposing papers.
Defendant’s first argument addresses the allegedly defective verification of the notice of intention attached to its papers as exhibit A. With respect to the lack of a proper verification, including the lack of a notary, claimant alleges that prison officials have denied him the availability of notary services, and thus he could not have gotten the verification notarized. Of course, the verification affixed to the claim is also not notarized, but the defendant has not raised such omission as a ground for dismissal. If anything, unlike the circumstances in Martin v *415 State of New York (185 Misc 2d 799), where the verification was totally lacking, here we are looking at what might be characterized as a defective verification, more specifically here, the absence of notarization. First, the distinction between absent verifications (Martin v State of New York, supra) and defective verifications has been considered by other judges of this court, most cogently by now-retired Judge John L. Bell in Abdullah v State of New York (Ct Cl, Dec. 7, 2001, Claim No. 104525, Motion No. M-64269, UID No. 2001-007-141),[1] where he held “the court is not convinced that the inexact verification rises to the level of a jurisdictional defect (see, Williams v State of New York, 77 Misc 2d 396; cf., People v Holmes, supra)” Here the primary crux of the objection by the defendant is the absence of notarization, and as to that, it has been observed “that notary publics are not always available to inmates” but that without any discernible prejudice to the defendant, “that defect will be overlooked” (Walker v State of New York, Ct Cl, Oct. 11, 2000, Claim No. 96382, Motion No. M-62095, UID No. 2000-015-087 [see n 1]). Indeed in his opposing papers, also not notarized, claimant raises the difficulty in obtaining services of a notary public. To the extent that the arguments here address the absence of notarization of the verifications, given the claimant’s unrefuted lack of access to the services of a notary, I find that the defendant is estopped from raising such question (Francis v State of New York, 155 Misc 2d 1006).[2] The entire question however becomes somewhat moot, because the defendant raises issues only with respect to the question of verification of the notice of intention, not the verification of the claim itself, served just some 11 days after the notice of intention. As will be seen below, I find that none of the “causes of action” depend upon the extended period of time allowed to a claimant who first utilizes a notice of intention and then serves and files a claim (Court of Claims Act § 10 [3], [3-a], [3-b]).
In that regard defendant contends that the causes of action related to claimant’s medical condition took place more than 90 days before April 11, 2002. Claimant’s allegations in that regard are somewhat rambling, but they appear to me to at least describe continuing treatment, albeit deficient and inadequate treatments in claimant’s opinion, by the facility *416 infirmary. It is too early, without discovery, for me to ascertain whether the allegations pertain to distinct causes of action accruing more than 90 days prior to the date of service, that were not part of a putative course of continuing treatment or malpractice. To the extent that any such causes of action exist, they are or will be dismissed as untimely and time-barred.
I agree with defendant’s arguments that allegations related to prison mail service, double cell assignments and the inmate grievance process are inadequately detailed in the claim to put the defendant on adequate notice, and it cannot defend such causes of action. To the extent that such allegations are made without dates and times, the motion to dismiss is granted and those portions of the claim alleging such causes of action are dismissed.
The defendant then seeks dismissal of the allegations in paragraphs 58 through 67 of the claim as they relate to events in the law library, including an alleged assault on January 31, 2002 (not January 31, 2001, as recited in paragraph 12 of the defendant’s affirmation in support of the motion to dismiss), on the ground that they are untimely in that they allegedly accrued more than 90 days prior to the service of the claim herein upon the defendant. However, the claim here was served on April 11, 2002, and as to any events or causes of action that occurred on or after January 12, 2002, it would not be untimely vis-a-vis the claim served on April 11, 2002, and filed on April 12, 2002. To the extent that dismissal is sought on untimeliness grounds it is denied with respect to all allegations occurring on or after that date. Specifically, allegations relating to the alleged assault of January 31, 2002, are not untimely.
To the extent that said portions of the claim raise issues relating to the law library, it alludes to violations of the United States Constitution or federal civil rights, properly raised in federal court, not in the Court of Claims (Will v Michigan Dept. of State Police, 491 US 58). Furthermore, Judge Philip J. Patti instructively noted in Gagne v State of New York (Ct Cl, Nov. 30, 2001, Claim No. 98686, Motion No. M-63259, UID No. 2001-013-029 [see n 1, supra]) that:
“As the Fourth Department has stated, prison and jail inmates do not have an ‘abstract, free-standing right to a law library or legal assistance’ (People v Cabrera, 259 AD2d 1007 [quoting Lewis v Casey, 518 US 343, 351]); making legal materials available inside prisons and jails is simply a ‘reasonable alternative’ to assure meaningful access to the *417 courts (id., quoting Bounds v Smith, 430 US 817). While an inmate’s total inability to access the law library, in order to remedy his ignorance of legal rules and requirements, may be a factor entitled to consideration in his favor if he has to move for permission to late file in this Court (see, Plate v State of New York, 92 Misc 2d 1033), research has disclosed no case in which a cause of action for money damages has been maintained for such deprivation.”
Also see, Lorusso v State of New York (Ct Cl, Mar. 1, 2002, Claim No. 105112, Motion No. M-64394, UID No. 2002-028-010), where Judge Richard E. Sise noted that damages flowing from the denial of grievances filed regarding the lack of library services and state and federal constitutional rights to be incarcerated in a facility/institution that has a law library will not lie. He added that law libraries and legal assistance programs do not represent constitutional rights in and of themselves, and held, inter alia, that “there exists no freestanding tort for money damages for alleged deficiencies in the Defendant’s provision of a law library or law library services.”
I agree with defendant that the claim fails to plead certain causes of action with enough specificity to permit defendant to properly frame an answer, and to that extent the motion is granted. To the extent that the claim alleges causes of action for which the Court of Claims has no jurisdiction, to wit, those actions alleging violations of federal constitutional and civil rights, the motion is granted and those parts of the claim are dismissed, with claimant’s right, if he so desires, to serve and file an amended claim within 40 days of service of a file-stamped copy of this order. To the extent that the motion seeks dismissal of certain causes of action and allegations based on untimeliness it is denied. Accordingly, the motion is granted in part and denied in part.

. This decision can be found at the Court of Claims’ decisional database at www.nyscourtofclaims.state.ny.us.

. Contemplating an estoppel against a governmental entity is rare and rigidly circumscribed (see, Francis v State of New York, supra [a case in which the defendant was estopped from raising a particular defense]).