■ FRANK GRAHAM, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, et al., Respondents. [752 NYS2d 924] —Spain, J. Appeal from an order of the Court of Claims (Read, P.J.), entered December 17, 2001, which dismissed the claim for failure to comply with Court of Claims Act § 11.

While incarcerated at Woodbourne Correctional Facility in Sullivan County, claimant filed a claim on behalf of himself and other inmates against defendants, various prison officials, alleging that the water supply at the facility was contaminated by toxic chemicals. The Court of Claims dismissed the claim on the ground that the claim was not verified as required by Court of Claims Act § 11. Claimant appeals, and we affirm.

Although claimant's notice of intention to file a claim was verified, the claim itself was not and thus did not comply with the requirement that "[t]he claim and notice of intention to file a claim shall be verified in the same manner as a complaint in an action in the supreme court" (Court of Claims Act § 11 [b]). " '[B]ecause suits against the State are allowed only by the State's waiver of sovereign immunity and in derogation of the common law, statutory requirements conditioning suit must be strictly construed' " (Lichtenstein v State of New York, 93 NY2d 911, 913, quoting Dreger v New York State Thruway Auth., 81 NY2d 721, 724). Here, inasmuch as defendants timely raised the defense of lack of verification in their answer (see Ritangela Constr. Corp. v State of New York, 183 AD2d 817, 819, lv denied 80 NY2d 758; cf. Vogel v State of New York, 187 Misc 2d 186, 190; but see Martin v State of New York, 185 Misc 2d 799, 801-804), we affirm the dismissal of the claim.

Mercure, J.P., Crew III, Peters and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.