■ RICHARD T. LEPKOWSKI et al., Respondents, v STATE OF NEW YORK, Appellant. (Claim No. 97697.) [754 NYS2d 772] —Crew III, J.P. Appeal from an order of the Court of Claims (Collins, J.), entered September 14, 2001, which denied defendant's motion to dismiss the claims.

Claimants in this consolidated action are former and current state employees who, by way of two separate claims (the Ableson claim and the Lepkowski claim), seek overtime compensation pursuant to the Fair Labor Standards Act of 1938 (*see* 29 USC § 201 *et seq.*). The Ableson claim was made on behalf of 390 employees, and the Lepkowski claim on behalf of 377 employees. Each claim asserts that the relevant claimants are overtime eligible within the meaning of the Fair Labor Standards Act in that they have worked over 40 hours in work

weeks since April 1994 (the Ableson claim) and July 1992 (the Lepkowski claim). Each claim also is verified by a single claimant.

After the claims were answered and considerable discovery ensued, defendant moved to dismiss the action contending, inter alia, that the claims failed to meet the pleading requirements of Court of Claims Act § 11 (b) and that they were not verified in accordance therewith. The Court of Claims denied the motion finding that the claims substantially complied with the pleading requirements of the Court of Claims Act and the verification requirements were met inasmuch as the two claimants who verified the claims were "united in interest" with the remaining claimants. Defendant has now appealed and we reverse.

The Court of Claims Act provides, in pertinent part, that a claim shall state "the time when and place where such claim arose, the nature of same, * * * the items of damage * * * claimed to have been sustained and the total sum claimed" (Court of Claims Act § 11 [b]). These requirements are jurisdictional and must be strictly construed (*see Finnerty v New York State Thruway Auth.*, 75 NY2d 721, 722). While the claims at issue satisfactorily state the nature of the relief sought by claimants, they completely fail to provide the times when and the places where such claims arose, any items of damage or the total sum claimed. Rather, the claims merely assert that claimants are overtime eligible in that they have worked over 40 hours in work weeks since April 1994 and July 1992, respectively. It hardly can be asserted that such statement is sufficiently detailed to enable defendant to investigate the claims and promptly ascertain the existence of its liability (*see e.g. Bowles v State of New York*, 208 AD2d 440, 442-443). Such claims should, at the very least, identify the place of claimants' employment within the state, the office where the overtime allegedly occurred, the weeks in which said overtime accrued and the number of hours worked in excess of 40 hours.

Although claimants urge that the foregoing omissions are not significant inasmuch as the information required is a matter of public record easily discoverable by defendant, we disagree. It is axiomatic that the sufficiency of a claim rests solely upon the assertions contained therein, and defendant is not required to go beyond the claim in order to investigate an occurrence or ascertain information that should have been provided pursuant to Court of Claims Act § 11 (*see Cobin v State of New York*, 234 AD2d 498, 499, *lv dismissed* 90 NY2d 925). Moreover, the record before us belies a claim that

claimants' work hours were a matter of public record readily ascertainable by defendant. The record reflects that claimants were members of the Professional, Scientific and Technical Services Bargaining Unit holding positions with salary grade 23 or higher. Pursuant to the collective bargaining agreements in effect at the time of the filing of the claims, all employees of the unit with allocated grades of 22 or below were deemed eligible to receive overtime compensation and, thus, were required to prepare time sheets that recorded actual hours worked. Employees with allocated grades of 23 or higher, however, were considered ineligible for overtime compensation and, thus, were not required to record actual hours worked per week. Indeed, it was not until the 1999-2003 collective bargaining agreement that employees with allocated grades of 23 or higher were required to keep daily time records showing actual hours worked. Claimants maintain, however, that prior to 1999, grade 23 employees kept such records and, in support of such contention, have submitted two time records dated July 1, 1992 and September 21, 1994. However, there are no affidavits by said claimants either affirming the authenticity of such records or asserting that they were required to be kept by the department for which they worked and that such records were prepared by them continually for the periods referred to in the claims.

We also find merit in defendant's contention that the claims were not properly verified. As noted previously, each of the claims was verified by only one of the claimants named therein. The Court of Claims Act requires that a claim be verified in the same manner as a complaint in an action in Supreme Court (see Court of Claims Act § 11 [b]). The CPLR provides that verification of a pleading "shall be made by the affidavit of the party, or, if two or more parties united in interest are pleading together, by at least one of them who is acquainted with the facts" (CPLR 3020 [d]). While claimants here may be united in interest, there is no evidence that the two claimants who verified the claims are acquainted with the factual premises for the remaining 765 claimants' entitlement to overtime compensation (i.e., the weeks in which the other claimants worked in excess of 40 hours and the number of hours in excess thereof). Accordingly, the underlying order is reversed and the claims are dismissed.

Rose and Kane, JJ., concur.

Lahtinen, J. (dissenting). We respectfully dissent. "[P]ublic policy * * * seeks to reduce rather than increase the obstacles to recovery of damages, whether defendant is a private person

or a public body" (*Brown v State of New York*, 89 NY2d 172, 180). The requirements regarding the contents of the claim, as set forth in Court of Claims Act § 11, "should receive a reasonable construction and not one that unjustly deprives a suitor of the right to recover" (*Chalmers & Son v State of New York*, 271 App Div 699, 701, *affd* 297 NY 690). The contents of a claim are sufficiently definite if the allegations are "specific enough so as not to mislead, deceive or prejudice the rights of the State. In short, substantial compliance with section 11 is what is required" (*Heisler v State of New York*, 78 AD2d 767, 767; *see Santos v State of New York*, 291 AD2d 851; *Ferrugia v State of New York*, 237 AD2d 858, 859). The claim must provide adequate information so that defendant can conduct an investigation, but "[a]ll elements of the claim need not be set out with formalistic rigidity" (*Harper v State of New York*, 34 AD2d 865, 865).

Here, the claims alleged, inter alia, that claimants were employees of defendant, they all were in the Professional, Scientific and Technical Services Bargaining Unit, they were all assigned to grades 23 or higher, they worked overtime, they were not paid for overtime and they were required to be paid overtime pursuant to the Fair Labor Standards Act of 1938. In addition, in the Lepkowski claim, the names and addresses of each of the claimants are provided and, in the Abelson claim, claimants provide such information as well as the particular agency of each employee. Claimants allege the general time frame implicated and state that they are seeking damages equal to the amount of unpaid overtime worked at a rate of 1½ times their regular pay. This is not a case of inadequately apprising defendant where a slip and fall occurred, or when a purported malpractice occurred, or how defendant was vicariously liable for negligence in an automobile accident, all of which would deprive defendant of the ability to conduct a meaningful investigation. Here, the rudimentary and proverbial where, when and how are alleged. Moreover, the primary issue implicated by these claims is legal in nature, i.e., whether the Fair Labor Standards Act applies to these employees. We believe that the allegations in the claims put defendant on sufficient notice to conduct a meaningful investigation regarding its potential liability under the Fair Labor Standards Act (*see Speers v State of New York*, 183 Misc 2d 907, 914, *affd in part and revd in part* 285 AD2d 872). The specific overtime hours allegedly worked by each claimant can certainly be elicited via a bill of particulars or the use of other disclosure devices. We agree with the Court of Claims that defendant failed to show that it has been "prejudiced, misled or disadvantaged" by the contents of the claim (*see Heisler v State of New York, supra*).

We do not read *Finnerty v New York State Thruway Auth.* (75 NY2d 721) as compelling a contrary conclusion. To be sure, *Finnerty* strictly construed the manner of service requirement of Court of Claims Act § 11.[1] *Finnerty* did not, however, explicitly modify the established precedent regarding the analysis of the contents of the claim, which had consistently been interpreted as having an elastic quality.[2]

Nor do we believe that the lack of a separate verification by each of the claimants rises to the level of a jurisdictional defect. Court of Claims Act § 11 (b) provides that the verification shall be "in the same manner as a complaint in an action in the supreme court" and, thus, the provisions of CPLR 3020, 3021, 3022 and 3023 are relevant to the issue. We agree with the Court of Claims that the parties are united in interest (*see* CPLR 3020 [d]) and that the verifying claimant—while perhaps not knowing the particulars supporting each of the claimants—indicated a sufficient knowledge of the overriding legal issue common to all claimants (*see Betzler v Carey*, 109 Misc 2d 881, 886, *affd* 91 AD2d 1116, *lv denied* 59 NY2d 601). Moreover, even assuming, arguendo, that the verification was defective, defendant's remedy was to elect to treat the pleading as a nullity, and notice of such election must be given with "due diligence" (CPLR 3022; *but see Martin v State of New York*, 185 Misc 2d 799, 801-804). Due diligence in such regard has been interpreted as requiring notice within a period of time as short as 24 hours (*see Air N.Y. v Alphonse Hotel Corp.*, 86 AD2d 932; *cf. Matter of Miller v Board of Assessors*, 91 NY2d 82, 86 n 3). No such timely action was taken by defendant and, thus, any objection regarding the verification was waived.

We would therefore affirm the order of the Court of Claims.

Peters, J., concurs. Ordered that the order is reversed, on the law, without costs, and claims dismissed.

---

1. Interestingly, the Legislature subsequently amended Court of Claims Act § 11 to provide that the manner of service—which had been held to be a nonwaivable defect—as well as the time limitations of Court of Claims Act § 10, could, in fact, be waived (*see* L 1990, ch 625).

2. The parallel with Supreme Court practice is palpable, i.e., statutes regarding service of process and time limitations require exacting compliance, whereas an analysis of the sufficiency of the allegations of the complaint incorporates a degree of flexibility.