OPINION OF THE COURT
Philip J. Patti, J.
This is what might be called another chapter in the adventures-in-pleading serial that is too frequently presented before the court. As usual, a brief recitation of the preceding papers in this matter will prove instructive.
The substance of the events leading to the claim herein is recited in the notice of intention appended as exhibit B, which asserts that
“On July 12, 1999, at approximately 2:00 p.m. the claimant, Anthony Turner, was working on the roof of the New York State School for the Blind . . . when he was caused to suffer chemical burns to his eyes and face. In addition, on July 14, 1999, at approximately 10:00 a.m. at the same location, the claimant, while descending off the roof by a ladder, fell from the ladder . . . causing injuries to his back and ear.”
The State’s motion seeks dismissal of the claim, served and filed on July 11, 2001, on the ground that the aforesaid notice of intention was not properly verified, and as such, the State contends that it cannot serve to extend the time to serve and file a claim from 90 days after accrual of the underlying cause of action to two years thereafter, as permitted in Court of Claims Act § 10 (3).
The pleading misadventures continue in the claim itself which alleges that it “arose on July 14, 1999, at approximately 10:00 a.m., at the New York State School for the Blind . . . when Claimant, Anthony Turner, fell from the roof of the building in the course of performing roofing and construction work.”
The claim notably omits any reference to the incident of July 12, 1999 that is referenced in the notice of intention, and that *372 omission forms the basis of the second prong of defendant’s motion, to wit, the striking of that matter contained in claimant’s bill of particulars that refers to allegations that claimant was caused to suffer chemical burns to his eyes and face “on July 12 1999.” The defendant alleges that references thereto in the bill of particulars purportedly adds a new theory or cause of action, one which, while raised in the notice of intention, is not preserved in the claim, and claimant cannot resurrect such allegations through the back door of the bill of particulars.
Addressing the issue of verification of the notice of intention first,[1] I note that it is signed by claimant, and adjacent thereto is the purported and contested verification which reads: “Sworn to before me on this 11th day of October, 1999.” It is clear that I am not faced with an absent verification, as was the case for Judge Donald J. Corbett, Jr. in Martin v State of New York (185 Misc 2d 799 [2000]). Much has been written and argued with respect to the question of verification in the aftermath of the Martin decision. Most recently, in an admirably reasoned and exhaustive decision, the Honorable Judith A. Hard, in Price v State of New York (2003 NY Slip Op 51086[U] [Ct Cl, May 15, 2003]) dissected the history of, and current status of the review of verification and its relationship to the Court of Claims Act, but, while noting the confusion that the defense had to be raised in the answer, ultimately was constrained by the Third Department’s recent ruling in Graham v Goord (301 AD2d 882 [2003]), and adopted the view that “verification of claims and notices of intention is a nonwaivable jurisdictional requirement and that, unlike the practice in other courts, the remedy available to defendant is not limited to that found in CPLR 3022.” (2003 NY Slip Op 51086[U], *14.)[2]
Judge Hard observed as well, in footnote 5 (at *16), that “[t]here appears to be a difference of opinion, however, as to whether and when an irregularity in the form of the verification has the same effect as an entirely missing verification” (citations omitted), adding that where the State seeks to dismiss a claim as untimely because the notice of intention was not verified, that objection must be raised, with particularity, either by *373 a preanswer motion or in the answer itself, pursuant to Court of Claims Act § 11 (c).
It appears, and I subscribe to the notion, that there is a clear distinction between an absent verification and a defective verification, a distinction which was subsequently adopted by Judge Corbett in Jacobs v State of New York (193 Misc 2d 413 [2002]), where he estopped the State from playing the verification card based upon the lack of notarization of a verification.
Where the issue is one questioning the sufficiency of a putatively defective verification, CPLR 3022 would appear to control, and a defendant in the Court of Claims would be bound to observe the traditional remedy of addressing defective verifications, to wit, by asserting the offending pleading to be a nullity and giving notice with due diligence to the attorney of the adverse party, with due diligence being undefined (Matter of Miller v Board of Assessors, 91 NY2d 82, 86 n 3 [1997]). Some lower courts have held that notice must be given within 24 hours after receipt (Lentlie v Egan, 94 AD2d 839 [1983]), while others have made a determination based upon the particular circumstances of a case (Theodoridis v American Tr. Ins. Co., 210 AD2d 397 [1994]).
This defining distinction between absent and defective verifications provides the defendant in this court with choices. If there exists a putatively defective verification of any claim, the defendant would be well advised to observe the tenets of CPLR 3022. Conversely, a claimant would be well advised to remember that a notice of intention to file a claim is not a pleading (Murray v State of New York, 202 App Div 597 [1922]; Epps v State of New York, 199 AD2d 914 [1993]; Arquette v State of New York, 190 Misc 2d 676 [2001]), and thus CPLR 3022 is likely inapplicable to a defectively verified notice of intention (but see, Vogel v State of New York, 187 Misc 2d 186 [2000]). A claim with a totally absent verification would appear to fall under the aegis of Martin (supra), and its progeny (see, i.e., Graham v Goord, 301 AD2d 882 [2003], supra), and the defendant could choose to rely upon the same as a nonwaivable jurisdictional infirmity requiring dismissal of a claim.
While the defendant obviously is entitled and expected to raise all legitimate defenses, there remains in my mind something untoward and redolent if it fails to advise adverse parties about any questionable verifications with “due diligence” comparable to that required under CPLR 3022 for all other defendants except apparently for those in the Court of Claims.
*374 Adi this having been said, the notice of intention here had a defective verification, albeit signed and sworn to by the claimant, while the claim was properly verified. Since there is no prejudice, and no jurisdictional infirmity resulting from the putatively defective verification, the State’s motion to dismiss on this ground is denied.
Claimant displays an unfamiliarity with the Court of Claims Act, to wit, he protests the State’s silence with respect to the timeliness or validity of the notice of intention for a two-year period until the State filed its answer. First, as noted above, a notice of intention is not a pleading; it does not generate any response from the defendant, and does nothing more than serve to extend a claimant’s period of time to serve and file a claim (Court of Claims Act § 10). Perhaps claimant’s confusion stems from counsel’s interchangeable use of the terms “notice of intention to file a claim” as specified in the Court of Claims Act and the Uniform Rules for the Court of Claims (22 NYCRR part 206), and “notice of claim,” a document more familiar to practitioners who utilize the General Municipal Law. Regardless, claimant points to no mechanism, procedure, obligation or duty on the part of the defendant to respond in any fashion to the service of a notice of intention (a document that, since 1995, does not even get filed with the clerk of the court [L 1995, ch 466]).
Claimant’s opposing papers note that he consented to the defendant’s request to stay all discovery proceedings until the State had sought to enforce insurance coverage against the third-party defendant, Transcontinental Insurance Co. The implication of claimant’s arguments is that he was sandbagged, lured into a sort of trap, by the defendant’s request and by the absence of any objection to the notice of intention until he received the answer. The fifth affirmative defense affirmatively raised questions regarding the verification of the notice of intention, and the claimant can hardly be heard to complain now when the red flag asserting that the notice of intention was a nullity was clearly raised. Similarly, claimant’s implication to the contrary, the defendant’s answer was not untimely (22 NYCRR 206.7 [b] [which allows 40 days for service of the answer]).
Now to address the specifics regarding the incidents of July 12 and July 14, 1999. I noted above that the claim pointedly did not include the incident of July 12, 1999, which had been recited in the notice of intention. Claimant argues that the *375 eye injuries sustained by Mr. Turner were part of an ongoing cause of action and negligence by the State which contributed to his falling from the ladder on July 14, 1999. It is claimed that his eye injuries affected his vision so as to be a factor in the cause of his fall. However, since the claim is silent as to any alleged negligence and injuries sustained on July 12, 1999, that putative cause of action has not been preserved in the claim.
Defendant’s motion specifically addresses the matter contained in claimant’s bill of particulars at paragraphs 3 (m) and 5 (c-d) (2). Paragraph 3 (m) asserts negligence and carelessness by the defendant in “[flailing to provide claimant with personal protection to protect him from severe burns to his eyes and skin.” That particular is silent as to any date upon which the specific acts are complained of, and as such, I deny defendant’s motion to strike the particular, because it is not addressed specifically to the purported incident of July 12, 1999. Similarly, paragraph 5 (c-d) (2) addresses, inter alia, constructive notice to the defendant of the allegedly dangerous, defective and/or unsafe conditions as “the roofing chemicals utilized caused severe burns to the eyes and skin of the roofers including the claimant due to a lack of personal protective equipment.” Again, this particular is not specific as to the date of its occurrence, and since it is not addressed specifically to the purported incident of July 12, 1999,1 decline to strike it.
My denial of the defendant’s motion in this regard should not be read as tacitly permitting the claimant to proceed at trial as to the allegations relating to the purported incident of July 12, 1999. Since those allegations were notably excluded from the claim, it appears that they have not been preserved, and as such, the court would have no jurisdiction to hear allegations of negligence and injury occurring on that day.
Accordingly, the State’s motion is denied.
[Portions of opinion omitted for purposes of publication.]

. Lest the question remain unaddressed, the claim itself contains what I would characterize as the traditional form of verification and, as such, no question is raised as to the validity of that verification.

. Also see Lepkowski v State of New York (302 AD2d 765 [2003], affd 1 NY3d 201 [2003]), where there was a strong dissent based on the fact that the defendant had failed to reject the claim with due diligence pursuant to CPLR 3022 (id. at 769 [Lahtinen, J., dissenting]).