OPINION OF THE COURT
Judith A. Hard, J.
Five motions have been commenced in connection with this claim, all within a short period of time. Four of the motions were initiated by claimant, and they seek subpoenas, permission to conduct a deposition by telephone, change of venue, and *641 amendment of the claim. Defendant moves for an order dismissing the claim for lack of personal jurisdiction and lack of subject matter jurisdiction (Motion No. M-68457). The court will address the jurisdictional motions first.
Defendant asserts that the claim is untimely. As noted, claimant asserts that his claim accrued on January 20, 2004.[2] It was filed with the court on March 25, 2004, which is within the 90-day time period required by section 10 (3-a) of the Court of Claims Act. Counsel for defendant states, however, that a verified copy of the claim was not served on the Attorney General until April 23, 2004, which is beyond the 90-day time period. This was actually the third time the claim had been served on the State. Twice previously, claimant served copies of his claim in a timely fashion, the first time on March 29, 2004 and the second on April 16, 2004. Those copies, however, were unverified and pursuant to CPLR 3022, they were returned as a nullity by defense counsel. In support of this portion of the motion, defense counsel has submitted copies of the two letters rejecting the unverified claims, establishing that both were returned within 24 hours after their receipt by the Attorney General.[3]
When a litigant who is required to serve a verified pleading instead serves one that is unverified and the opposing party elects to treat it as a nullity, neither CPLR 3022 nor any other provision operates to toll the running of the statute of limitations or any other relevant time period until the defect can be cured. It has been held, however, that where the requirement of verification is not jurisdictional, an unverified pleading that is served in a timely fashion is nevertheless not grounds for dismissal unless there is a showing of prejudice (Matter of City of Rensselaer v Duncan, 266 AD2d 657 [3d Dept 1999] [verification of a petition to commence a special proceeding is not a jurisdictional requirement]).
In the Court of Claims, however, the requirement that a notice of intention or a claim he verified is contained in section 11 (b) of the Court of Claims Act and, thus, has been held to be a *642 jurisdictional requirement (Price v State of New York, 2003 NY Slip Op 51086[U] [Ct Cl 2003]; Martin v State of New York, 185 Misc 2d 799 [Ct Cl 2000]). Although Price and Martin were both overruled with respect to the applicability of CPLR 3022 by the Court of Appeals decision in Lepkowski v State of New York (1 NY3d 201, 209 n 5, 210 [2003]), the High Court did not challenge or change the well-accepted rule that the requirements for commencing an action that are contained in section 11 of the Court of Claims Act are jurisdictional in nature and, as such, must be strictly construed (see Lichtenstein v State of New York, 93 NY2d 911 [1999]). Consequently, where a litigant in this court serves on the Attorney General an unverified claim that is then properly rejected by the Attorney General pursuant to CPLR 3022, and fails to correct that defect by serving a verified claim within the applicable time period contained in section 10 of the Court of Claims Act, the action has not been commenced in a timely fashion. This is true even where a properly verified claim was filed with the court.[4]
Defendant also bases its motion to dismiss on the fact that the verified claim, when it was served, was not served either personally or by certified mail, return receipt requested, as required by section 11 (a) of the Court of Claims Act. A copy of the envelope in which the claim was received (King affidavit, exhibit A) establishes that U.S. Postal Service Priority Mail was used. It is necessary for a claimant to make use of the precise method of service required by the statute (Hodge v State of New York, 213 AD2d 766, 767 [3d Dept 1995] [“Alternative mailings which do not equate to certified mail, return receipt requested, are inadequate and do not comply with Court of Claims Act § 11 (a)”]). This would have provided a second ground for dismissal of this action.
Inasmuch as this claim is jurisdictionally defective because of untimeliness, it must be dismissed. Claimant’s other motions, which are directed toward discovery and related matters, are denied as moot.[5]

. This is the date on which claimant mailed his complaint, but he provides no other date connected with the grievance.

. If this action is not taken with “due diligence,” which is typically construed to mean within 24 hours (Air N.Y. v Alphonse Hotel Corp., 86 AD2d 932 [3d Dept 1982], cited in Lepkowski v State of New York, 302 AD2d 765 [3d Dept 2003], affd 1 NY3d 201 [2003]), any objection to the lack of verification is deemed to be waived. In Lepkowski, the Court of Appeals made it clear that verification operates in the Court of Claims in the same fashion as it does in other courts (1 NY3d at 210).

. In this instance, the claim filed with the court was verified. In any event, the chief clerk’s office does not make a practice of returning unverified claims as nullities, for the language of CPLR 3022 gives only the “adverse party” the right to reject an unverified pleading.

. In his reply submission, claimant indicates that his motion to amend the claim may have been an attempt to cure the deficient verification. It is not possible to cure a jurisdictionally defective claim by amendment (Achtziger v Fuji Copian Corp., 299 AD2d 946 [4th Dept 2002]; Ferrer v State of New York, 172 Mise 2d 1 [Ct Cl 1996]).