*456 OPINION OF THE COURT
Melvin L. Schweitzer, J.
This is defendant’s motion to dismiss the claim, which was served and filed on September 15, 2005 pursuant to CPLR 3211 (subdivision unspecified) for lack of jurisdiction. Defendant alleges that because the claim is not verified the court lacks jurisdiction.
Court of Claims Act § 11 (b) requires that a claim in this court be “verified in the same manner as a complaint in an action in the supreme court.” In Lepkowski v State of New York (1 NY3d 201, 210 [2003]) the Court of Appeals addressed the consequences of a claimant submitting an unverified claim:
“Pursuant to CPLR 3022, ‘when a pleading is required to be verified, the recipient of an unverified or defectively verified pleading may treat it as a nullity provided that the recipient “with due diligence” returns the [pleading] with notification of the reason(s) for deeming the verification defective’ (Matter of Miller v Board of Assessors, 91 NY2d 82, 86 [1997]). We have never specified a uniform time period by which to measure due diligence (id. n 3). A defendant who does not notify the adverse party’s attorney with due diligence waives any objection to an absent or defective verification.
“Section 11 (b) requires the claim and notice of intention to be verified ‘in the same manner as a complaint in an action in the [S]upreme [C]ourt’ (emphasis added). ‘Manner’ is commonly understood to mean ‘[t]he way in which something is done or takes place; method of action; mode of procedure’ (9 Oxford English Dictionary 324 [2d ed 1989]). Because the Legislature has mandated that verification ‘take[ ] place’ in the Court of Claims following the same ‘method of action’ or ‘mode of procedure’ employed for an action in Supreme Court, there is no basis for treating an unverified or defectively verified claim or notice of intention any differently than an unverified or defectively verified complaint is treated under the CPLR in Supreme Court. Section 11 (b) therefore embraces CPLR 3022’s remedy for lapses in verification.”
*457 Here, defendant does not allege that it followed the procedure set forth in CPLR 3022.[2] Neither that statute nor the Lepkowski decision is mentioned in defendant’s motion papers. Defendant also does not mention a recent amendment to Court of Claims Act § 11 (c) (L 2005, ch 460 [eff Aug. 9, 2005]), which provides that any objection or defense based on a claimant’s failure to comply with “the verification requirements as set forth in subdivision b of this section and rule three thousand twenty-two of the civil practice law and rules’’ is waived unless raised, with particularity, in the answer or in a pre-answer dismissal motion. Defendant merely asserts that the claim is not verified and that the court therefore lacks jurisdiction.
The issue presented herein is what is the effect of the August 9, 2005 amendment to section 11 (c) on this claim (which was filed on Sept. 15, 2005) given that the procedure set forth in CPLR 3022, a procedure that is “embrace[d]” by section 11 (b) (Lepkowski at 210), was apparently not followed by the defendant.
As noted, defendant did not address the issue. Claimant, who is proceeding pro se and who was incarcerated when the claim was filed but has since been released from custody, did not file any papers on this motion. The court’s research disclosed no decisions directly addressing the issue, but two decisions do so implicitly. Those decisions emanate from two claims filed by the same claimant as in this claim — Kemorley Scott — claim Nos. 111369 and 111371. Mr. Scott’s three claims all allege the failure to provide proper medical treatment for the same condition, with claim No. 111369 accruing at Mid-State Correctional Facility, claim No. 111370 (this claim) accruing at Fishkill Correctional Facility, and claim No. 111371 accruing at Downstate Correctional Facility. All three claims were filed on September 15, 2005 subsequent to the effective date of the August 9, 2005 amendment to section 11 (c) and all three were unverified.
The State’s motions to dismiss were denied in both cases. In claim No. 111369 (see n 2), Judge Middy noted that defendant *458 made “no showing that these procedures [i.e., rejection with due diligence, as set forth in CPLR 3022] were followed, and therefore the Court finds that any defense as to a lack of jurisdiction based upon the failure to verify the claim has been waived” and in claim No. 111371 (see n 2) Judge Scuccimarra similarly held that “since it does not appear that Defendant has rejected the unverified pleading as required, the argument is waived.” Both decisions relied on Lepkowski. Neither decision discussed section 11 (c), although there is no question that both claims were filed after the amendment’s effective date. Both decisions necessarily imply that the amendment to section 11 (c) does not abrogate the statements in the Lepkowski decision as to the necessity for compliance with CPLR 3022 in order to raise the issue of an absent or defective verification. This court agrees.
In Martin v State of New York (185 Misc 2d 799 [2000, Corbett, J.]), which the court characterizes as a case of first impression, the verification requirement of section 11 (b) was held to be a nonwaivable jurisdictional requirement, i.e., whether defendant followed the rejection procedure of CPLR 3022 was irrelevant. Prior to Martin, an unverified claim or notice of intention in this court was treated the same as an unverified pleading in any other court of the State (Price v State of New York, 2003 NY Slip Op 51086[U], *12 [2003]):
“If a claim or notice of intention was not verified, the defendant was required to comply with CPLR 3022 by rejecting it and giving prompt notice to claimant that it was being treated as a nullity. If this was not done, then any defense based on lack of verification was waived.”
In Lepkowski (supra), the Court of Appeals rejected the contention that noncompliance with the verification requirement of section 11 (b) created a nonwaivable jurisdictional defect and, in effect, restored the status quo ant e-Martin, requiring compliance with CPLR 3022 in order for the State to preserve the defense that a claim or notice of intention was unverified or defectively verified.
The August 9, 2005 amendment to section 11 (c) was enacted in response to what were described as “divergent opinions about the procedure to be followed” after Lepkowski (Assembly Mem in Support of NY Assembly Bill A8174, 2005 McKinney’s Session Laws of NY, at 2318). The Assembly Memorandum (id. at 2318-2319) noted the Lepkowski holding that CPLR 3022 must *459 be followed in order to preserve a jurisdictional objection stemming from an absent or defective verification and that subsequent to Lepkowski the Attorney General modified former practice and followed CPLR 3022, and went on to describe the rationale for the legislation:
“However, divergent opinions about the procedure to be followed have arisen among the judges of the Court of Claims. Judge Minarik, in Lake v. State (Claim No. 1 09345, M-68779) followed Lepkowski and considered the rejected improperly verified Claim to be a nullity without requiring a motion or answer. However, in Meyers v. State (Claim No. 109325, M-69072, M. 69135), Judge Collins did not consider the rejected claim a nullity, and required a motion to dismiss or an answer, saying that the lack of verification must be raised as a jurisdictional defense.
“With a division among Court of Claims judges following Lepkowski as to whether unverified claims are a nullity or require a response, legislation is needed to specify the appropriate procedure. This bill would appropriately clarify that a jurisdictional defense be raised by motion or answer.”
Section 11 (c), as amended, applies to an objection or defense based on the “verification requirements as set forth in subdivision b of this section and rule three thousand twenty-two of the civil practice law and rules.” The “verification requirement” of section 11 (b) is that a claim or notice of intention be verified. The “verification requirement” of CPLR 3022 is that if a party receiving a pleading elects to make an issue out of verification, it must do so by giving notice with due diligence. Thus, the statute indicates the intention to incorporate CPLR 3022 into Court of Claims practice, not to provide, as implicitly contended by defendant, that CPLR 3022 does not apply in the Court of Claims. The argument that the intention was to overrule Lepkowski and provide that defendant could raise the verification issue by motion or answer instead of following the CPLR 3022 procedure does not find support in either the plain language of the statute, which expressly references CPLR 3022, or in the Assembly Memorandum, which states that its purpose was to clarify the procedure to be followed subsequent to rejection *460 pursuant to CPLR 3022 and to resolve the perceived conflict between one decision that held that rejection by itself was enough and another decision that held that rejection must be followed up by a motion or in the answer.
Accordingly, the motion is denied.

. CPLR 3022 provides:
“A defectively verified pleading shall be treated as an unverified pleading. Where a pleading is served without a sufficient verification in a case where the adverse party is entitled to a verified pleading, he may treat it as a nullity, provided he gives notice with due diligence to the attorney of the adverse party that he elects so to do.”