*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: August 6, 2015                    520199
_____

RUSSELL SOMMER,
                        Appellant,

        v                                    MEMORANDUM AND ORDER

STATE OF NEW YORK,
                        Respondent.
_____


Calendar Date:  May 28, 2015

Before:  Garry, J.P., Egan Jr., Rose and Lynch, JJ.


                        _____


        Langone & Associates, PLLC, Garden City (Richard M. Langone
of counsel), for appellant.

        Eric T. Schneiderman, Attorney General, Albany (Kathleen M.
Treasure of counsel), for respondent.


                        _____


Lynch, J.

        Appeal from an order of the Court of Claims (Schaewe, J.),
entered July 3, 2014, which granted defendant's motion to dismiss
the claim.

        Claimant filed this claim in January 2013 alleging that,
while on the campus of the State University of New York at
Oneonta, he was injured after he slipped and fell on a patch of
ice on a sidewalk that had previously been cleared by defendant's
workers.  Defendant moved to dismiss the claim on the ground that
the notice of intention and the claim were jurisdictionally
defective because they failed to set forth an adequate
description of the location where the incident occurred as
required by Court of Claims Act § 11 (b).  The Court of Claims
granted defendant's motion on the basis that the claim was

jurisdictionally defective.  Claimant now appeals and we affirm, albeit on a different ground.

Court of Claims Act § 11 (b) requires that a notice of intention to file a claim set forth, among other things, "the time when and place where such claim arose" (see Lepkowski v State of New York, 1 NY3d 201, 205 [2003]; Czynski v State of New York, 53 AD3d 881, 882 [2008], lv denied 11 NY3d 715 [2009]). While "absolute exactness" is not necessary (Morra v State of New York, 107 AD3d 1115, 1115 [2013] [internal quotation marks and citation omitted]; see Deep v State of New York, 56 AD3d 1260, 1260 [2008]), a claimant must "provide a sufficiently detailed description of the particulars of the claim to enable [defendant] to investigate and promptly ascertain the existence and extent of [its] liability" (Flemming v State of New York, 120 AD3d 848, 848 [2014] [internal quotation marks and citation omitted]; see Robin BB. v State of New York, 56 AD3d 932, 932-933 [2008]).  "Failure to abide by these pleading requirements constitutes a jurisdictional defect mandating dismissal of the claim, even though this may be a harsh result" (Morra v State of New York, 107 AD3d at 1116; see Kolnacki v State of New York, 8 NY3d 277, 281 [2007]; Dinerman v NYS Lottery, 69 AD3d 1145, 1146 [2010], lv dismissed 15 NY3d 911 [2010]).

Claimant's notice of intention states that he slipped and fell on unseen ice on a sidewalk "on the campus of the State University of New York at Oneonta."  While we recognize that notices of intention are reviewed less strictly than claims (see Czynski v State of New York, 53 AD3d at 883; Epps v State of New York, 199 AD2d 914, 914 [1993]), we nevertheless find that this generalized description of the location at which claimant fell was insufficient to permit defendant to investigate its liability (see Wilson v State of New York, 61 AD3d 1367, 1368-1369 [2009]; Sega v State of New York, 246 AD2d 753, 755 [1998], lv denied 92 NY2d 805 [1998]; Schneider v State of New York, 234 AD2d 357, 357 [1996]; compare Mosley v State of New York, 117 AD3d 1417, 1418 [2014]; Acee v State of New York, 81 AD3d 1410, 1411 [2011]; Cannon v State of New York, 163 Misc 2d 623, 627 [Ct Cl, Nov. 15,

1994, Silverman, J., claim No. 89038]).[1]  Because claimant's notice of intention was deficient, claimant did not receive the benefit of the two-year extension and was obligated to file his claim within 90 days of its accrual (see Langner v State of New York, 65 AD3d 780, 781-782 [2009]; Cendales v State of New York, 2 AD3d 1165, 1167 [2003]; Ferrugia v State of New York, 237 AD2d 858, 859 n [1997]; see also Court of Claims Act § 10 [3]).  As claimant failed to do so, his claim was properly dismissed.

Garry, J.P., Egan Jr. and Rose, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court

---

[1]  While claimant invites us to consider defendant's swift response to the scene of the fall as evidence of its awareness of the accident's precise location, we need only note that "defendant is not required to go beyond the claim [or notice of intention] in order to investigate an occurrence or ascertain information that should have been provided pursuant to Court of Claims Act § 11" (Lepkowski v State of New York, 302 AD2d 765, 766 [2003], affd 1 NY3d 201 [2003]).