Katan v State of New York (2019 NY Slip Op 05746)





Katan v State of New York


2019 NY Slip Op 05746


Decided on July 18, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 18, 2019

527873

[*1]ALEXA KATAN, Appellant,
v
STATE OF NEW YORK, Respondent.

Calendar Date: May 29, 2019

Before: Garry, P.J., Mulvey, Aarons, Rumsey and Pritzker, JJ.


Law Offices of Dean C. Schneller, Plattsburgh (Dean C. Schneller of counsel), for appellant.
Letitia James, Attorney General, Albany (Kathleen M. Treasure of counsel), for respondent.



MEMORANDUM AND ORDER
Aarons, J.
Appeal from an order of the Court of Claims (Collins, J.), entered March 27, 2018, which granted defendant's motion to dismiss the claim.
Claimant, a student at the State University of New York at Plattsburgh, filed a claim seeking damages for injuries she sustained in an alleged trip and fall that occurred in 2017 on a staircase located on the campus. Claimant alleged, among other things, that defendant was negligent because its failure to provide adequate lighting on the subject staircase caused her to fall and sustain injuries. In lieu of an answer, defendant moved to dismiss the claim on the ground that the claim failed to meet the pleading requirements of Court of Claims Act § 11 (b). The Court of Claims granted defendant's motion and dismissed the claim. This appeal ensued.
We affirm. Court of Claims Act § 11 (b) provides that "[t]he claim shall state the . . . place where such claim arose." Although "absolute exactness" is not required, "a claimant must provide a sufficiently detailed description of the particulars of the claim to enable defendant to investigate and promptly ascertain the existence and extent of its liability" (Sommer v State of New York, 131 AD3d 757, 757-758 [2015] [internal quotation marks, brackets and citations omitted]; see Davila v State of New York, 140 AD3d 1415, 1416 [2016]; Cobin v State of New York, 234 AD2d 498, 499 [1996], lv dismissed 90 NY2d 925 [1997]). "[D]efendant is not required to ferret out or assemble information that [Court of Claims Act § ] 11 (b) obligates the claimant to allege," and "[f]ailure to abide by [the statute's] pleading requirements constitutes a jurisdictional defect mandating dismissal of the claim, even though this may be a harsh result" (Morra v State of New York, 107 AD3d 1115, 1116 [2013] [internal quotation marks and citation omitted]; see Jones v State of New York, 56 AD3d 906, 907 [2008]).
We agree with the Court of Claims that claimant's description of her injury location is not detailed enough to satisfy the pleading requirement. Claimant alleged that she fell "on the exterior stairs/landing located proximate to Moffit Hall and Clinton Dining Hall." The record [*2]establishes, however, that there are three staircases proximate to Moffit Hall and Clinton Dining Hall. Claimant's contention that the location stated in her claim necessarily referred to the sole staircase/landing between the two buildings is without merit because the claim did not allege that the situs of the accident occurred between the two buildings (see Morra v State of New York, 107 AD3d at 1116; Rivera v State of New York, 52 AD3d 1075, 1076 [2008]). In opposition to the motion to dismiss, claimant submitted an aerial map of where she allegedly fell. However, the aerial map does not cure the pleading defect in her claim because the aerial map was not included in her claim, and defendant is not required to go beyond the claim to ascertain the situs of the injury (see Sommer v State of New York, 131 AD3d at 758 n; Lepkowski v State of New York, 302 AD2d 765, 766 [2003], affd 1 NY3d 201 [2003]; Riefler v State of New York, 228 AD2d 1000, 1000-1001 [1996]). Because the claim failed to sufficiently allege where the injury occurred, we find that it did not comply with the requirements of Court of Claims Act § 11 (b) (see Sommer v State of New York, 131 AD3d at 758; Sega v State of New York, 246 AD2d 753, 755 [1998], lv denied 92 NY2d 805 [1998]). Therefore, the Court of Claims properly granted defendant's motion to dismiss the claim.
Garry, P.J., Mulvey, Rumsey and Pritzker, JJ., concur.
ORDERED that the order is affirmed, without costs.