■ Lorraine Schneider, Appellant, v State of New York, Respondent. (Claim No. 91422.) [650 NYS2d 798] —In a claim to recover damages for negligence, the claimant appeals from an order of the Court of Claims (Silverman, J.), entered September 14, 1995, which granted the defendant's motion to dismiss the claim on the ground that the notice of claim was inadequate and denied the claimant's cross motion, *inter alia,* for leave to serve an amended notice of claim. Justice Joy has been substituted for the late Justice Hart *(see,* 22 NYCRR 670.1 [c]).

Ordered that the order is affirmed, with costs.

Pursuant to Court of Claims Act § 11 (b), a notice of intention to file a claim and a claim must set forth, *inter alia,* the "place where such claim arose". In the instant case, the claimant's notice of intention to file a claim and notice of claim merely alleged that the claimant had tripped and fallen "in the picnic area adjacent to the parking area" at Heckscher State Park. A map of Heckscher State Park attached to the State's moving papers clearly shows a number of picnic areas located adjacent to parking lots at various locations scattered throughout the park. Thus, the notice of intention to file a claim and the claim failed to provide the State with a sufficient description of the place of the accident *(see, Smith v Village of Hempstead,* 143 AD2d 897; *see also, Mitchell v City of New York,* 131 AD2d 313; *Harper v City of New York,* 129 AD2d 770), and the court properly dismissed the claim on the basis of the claimant's failure to comply with the requirements of Court of Claims Act § 11 (b).

Moreover, it was not an improvident exercise of discretion to deny the claimant's cross motion, *inter alia,* for leave to serve an amended claim. The claimant failed to present sufficient evidence to establish that the State had notice of the essential facts constituting her claim or that the State had an opportunity to investigate the circumstances of the accident *(see, Matter of Johnston v Town of Putnam Val. Police Dept.,* 167 AD2d 612; *Zimmerman v City of New York,* 161 AD2d 591). In addition, in view of the transitory nature of the alleged defect, the State would have been prejudiced by a late or amended claim *(see, Matter of Leiblein v Clark,* 207 AD2d 348).

Accordingly, the claimant's application was properly denied *(see, Matter of Sausville v State of New York,* 204 AD2d 728; *Matter of Galvin v State of New York,* 176 AD2d 1185; *Rael v State of New York,* 119 AD2d 816). Miller, J. P., Ritter, Copertino and Joy, JJ., concur.