◼ HELEN COBIN et al., Appellants, v STATE OF NEW YORK, Respondent. [651 NYS2d 202] —In a claim to recover damages for personal injuries, etc., the claimants appeal from an order of the Court of Claims (Silverman, J.), entered January 23, 1996, which granted the defendant's motion to dismiss the claim on the ground that the notice of intention was jurisdictionally defective. Presiding Justice Mangano has been substituted for the late Justice Hart (*see*, 22 NYCRR 670.1 [c]).

Ordered that the order is affirmed, with costs.

Pursuant to Court of Claims Act § 11 (b), the notice of intention "shall state the time when and place where such claim arose [and] the nature of same". While Court of Claims Act § 11 (b) does not require absolute exactness, the statute does require a statement made with sufficient definiteness to enable the State to investigate the claim promptly and to ascertain its liability under the circumstances. "The statement must be specific enough so as not to mislead, deceive or prejudice the rights of the State. In short, substantial compliance with section 11 is what is required" (*Heisler v State of New York*, 78 AD2d 767; *see, Harper v State of New York*, 34 AD2d 865).

Here, the notice of intention alleged that the claimant was injured as a result of a trip and fall "on the boardwalk at Jones Beach, County of Nassau, State of New York, in the East Quarter Circle, or its vicinity". Because the notice of intention fails to identify the place where such claim arose with sufficient specificity, we find that it fails to comply with the strictures of Court of Claims Act § 11 (b), and is therefore, jurisdictionally defective.

Finally, contrary to appellants' contention, the State "is not required to go beyond a claim or notice of intention in order to investigate an occurrence or ascertain information which should be provided pursuant to Court of Claims Act § 11" (*Grande v State of New York*, 160 Misc 2d 383, 386).

We have reviewed the appellants' remaining contentions and find them to be without merit. Mangano, P. J., Altman, Goldstein and McGinity, JJ., concur.