■ MOISES TRIANI, Respondent, v STATE OF NEW YORK, Appellant. [845 NYS2d 81]—

In a claim to recover damages for personal injuries, the defendant appeals from an order of the Court of Claims (Marin, J.), dated August 30, 2006, which denied its motion to dismiss the claim pursuant to Court of Claims Act § 11 (b).

Ordered that the order is reversed, on the law, with costs, and the defendant's motion is granted.

Court of Claims Act § 11 (b) requires, inter alia, that a claim set forth the place where the claim arose. While section 11 (b) does not require "absolute exactness," a claim must set forth the nature of the claim and the time and place where it arose (*see Grumet v State of New York*, 256 AD2d 441, 442 [1998]). It must do so with " 'sufficient definiteness to enable the State to be able to investigate the claim promptly and to ascertain its liability under the circumstances' " (*Grumet v State of New York*, 256 AD2d 441, 442 [1998], quoting *Heisler v State of New York*, 78 AD2d 767 [1980]).

Section 11 (b) was recently amended to eliminate the requirement in certain types of cases, including personal injury cases, that the claim allege the total sum claimed (*see* L 2007, ch 606, § 1; *Kerin v City Univ. of N.Y.*, 43 AD3d 1110 [2007]; *Moore v State of New York*, 43 AD3d 1117 [2007]). The recent amendment, however, leaves in place the remaining requirements of section 11 (b), such as the requirement that the claim allege the place where it arose. The law continues to be that strict compli-

ance with the jurisdictional requirements of the Court of Claims Act is necessary (*see Long v State of New York,* 7 NY3d 269, 276 [2006]; *Lepkowski v State of New York,* 1 NY3d 201, 206-208 [2003]; *Alston v State of New York,* 97 NY2d 159, 163-164 [2001]).

In this case, the claim's description of the accident location was not sufficiently definite to satisfy section 11 (b), and thus the claim was jurisdictionally defective (*see Cobin v State of New York,* 234 AD2d 498, 499 [1996]). Accordingly, the defendant's motion to dismiss the claim should have been granted.

In light of our determination, we need not address the defendant's remaining contentions. Miller, J.P., Ritter, Covello and McCarthy, JJ., concur.