■ PATRICIA WILSON, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 111995.) [876 NYS2d 818]—

Appeal from an order of the Court of Claims (Renee Forgensi Minarik, J.), entered October 22, 2007 in a personal injury action. The order denied the motion of defendant to dismiss the claim.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the motion is granted and the claim is dismissed.

Memorandum: Claimant commenced this action seeking damages for injuries she allegedly sustained when she slipped and fell while she was an inmate in a correctional facility. We agree with defendant that the Court of Claims erred in denying its motion to dismiss the claim based on claimant's failure to include required information in the notice of intention to file a claim. Court of Claims Act § 10 (3) provides in relevant part that a claimant seeking to recover damages for personal injuries caused by the negligence of a New York State officer or employee must file and serve a notice of claim or a notice of intention to file a claim within 90 days after the claim accrues. Pursuant to Court of Claims Act § 11 (b), the claim or notice of intention to file a claim "shall state the time when and place where such claim arose, the nature of same, [and] the items of damage or injuries claimed to have been sustained." The requirements in section 11 (b) are "substantive conditions upon the State's waiver of sovereign immunity" (*Lepkowski v State of New York*, 1 NY3d 201, 207 [2003]), and noncompliance renders a claim "jurisdictionally defective for nonconformity" (*id.* at 209; *see Kolnacki v State of New York*, 8 NY3d 277, 281 [2007], *rearg denied* 8 NY3d 994 [2007]). Furthermore, "a lack of prejudice to the State is an immaterial factor" (*Byrne v State of New York*, 104 AD2d 782, 784 [1984], *lv denied* 64 NY2d 607 [1985]). Here, the notice of intention to file a claim is jurisdictionally defective inasmuch as it fails to state both a year in which the injury allegedly occurred and a particular road or place on such road where claimant allegedly fell, thereby failing to "state the time when and place where such claim arose" (Court of Claims Act § 11 [b]; *see Sega v State of New York*, 246 AD2d 753 [1998], *lv denied* 92 NY2d 805 [1998]; *Cobin v State of New York*, 234 AD2d 498, 499 [1996], *lv dismissed* 90 NY2d 925 [1997], *rearg denied* 91 NY2d 849 [1997]). We agree with defendant that "[t]he vague and contradictory description of

the accident scene in claimant's initial submissions made it impossible for [defendant] to determine the situs of claimant's fall, having been described by claimant as occurring both [in the draft processing area] and on [a sheet of ice that was covering the entire ROAD AREA] somewhere between [her] cellblock and [the draft processing area]" (*Riefler v State of New York*, 228 AD2d 1000, 1001 [1996]). Present—Scudder, P.J., Smith, Centra, Fahey and Pine, JJ.