# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**116**

**CA 10-01330**

PRESENT: CENTRA, J.P., CARNI, LINDLEY, GREEN, AND GORSKI, JJ.

---

MARY ANN ACEE, CLAIMANT-APPELLANT,

V                                                    MEMORANDUM AND ORDER

STATE OF NEW YORK, DEFENDANT-RESPONDENT.
(CLAIM NO. 114896.)

---

FELT EVANS, LLP, CLINTON (JAY G. WILLIAMS, III, OF COUNSEL), FOR
CLAIMANT-APPELLANT.

ANDREW M. CUOMO, ATTORNEY GENERAL, ALBANY (KATHLEEN M. TREASURE OF
COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Court of Claims (Renee Forgensi
Minarik, J.), entered October 19, 2009 in a personal injury action.
The order granted the motion of defendant to dismiss the claim and
denied as moot the cross motion of claimant for summary judgment.

It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs, the motion is denied,
the claim is reinstated and the matter is remitted to the Court of
Claims for further proceedings in accordance with the following
Memorandum:  In this personal injury action, claimant appeals from an
order that, inter alia, granted defendant's motion to dismiss the
claim as jurisdictionally defective based on claimant's alleged
failure to satisfy the notice requirements of Court of Claims Act § 11
(b).  Pursuant to section 11 (b), a notice of intention to file a
claim (hereafter, notice of intent) must set forth, inter alia, "the
time when and place where such claim arose."  While the statute does
not require " 'absolute exactness' " (*Triani v State of New York*, 44
AD3d 1032, 1032), the notice of intent must set forth the time and
place where the claim arose with " 'sufficient definiteness to enable
the State to be able to investigate the claim promptly and to
ascertain its liability under the circumstances' " (*Grumet v State of
New York*, 256 AD2d 441, 442; *see Triani*, 44 AD3d at 1032).

Here, we agree with claimant that her notice of intent satisfies
the requirements of section 11 (b) inasmuch as it states that claimant
"fell at Groveland Correctional Facility in its parking lot by reason
of broken pavement," and that "[t]he incident occurred on August 5,
2007 between 8:30AM and 9:00AM near the gate to the entrance of the
facility."  Although it was later determined that claimant did not
fall in the parking lot but instead fell on Perimeter Road, which
encircles the correctional facility, that road is adjacent to the

parking lot where claimant parked her vehicle, in an area in which handicapped parking is permitted. Moreover, the parking lot is contiguous to the road, with no delineation between the two. Indeed, one cannot easily discern from the photographs included in the record where the parking lot ends and the road begins. Given that the notice of intent accurately states that the accident occurred "near the gate to the entrance of the facility," and that it implicitly sets forth that the accident occurred between the correctional facility and claimant's parked vehicle, we conclude that the notice of intent is in compliance with the notice requirements of the statute.

Defendant's reliance on the decision of this Court in *Wilson v State* (61 AD3d 1367) is misplaced. In *Wilson* (61 AD3d at 1368), we determined that the notice of intent was jurisdictionally defective because it failed "to state both a year in which the injury allegedly occurred and a particular road or place on such road where claimant allegedly fell, thereby failing to 'state the time when and place where such claim arose' " in accordance with the statutory requirements. Here, in contrast, the notice of intent sets forth the exact date of the accident, and in our view it describes the location where the claim arose with more specificity than did the notice of intent in *Wilson*.

We note in addition that the court denied as moot claimant's motion for summary judgment or, in the alternative, for leave to amend the claim. In view of our determination reinstating the claim, we remit the matter to the Court of Claims to determine claimant's motion.

Entered: February 18, 2011                    Patricia L. Morgan
                                              Clerk of the Court