*682 OPINION OF THE COURT
Alan C. Marin, J.
This is the decision on the motion of Gwyneth Barbara Moravec to amend her claim so that it will describe her trip- and-fall accident as occurring while walking down the “second” set of stairs, instead of the “third” set of stairs, as she was leaving the Performing Arts Center of Queens College on June 17, 2006.[1]
The motion is opposed by defendant City University of New York, which cross-moves to dismiss, contending that the claim as originally filed does not comply with subdivision (b) of section 11 of the Court of Claims Act. Subdivision (b) provides that a claim for personal injury shall “state the time when and place where such claim arose, the nature of same [and] the items of damage or injuries.” Failure to comply with section 11 (b) is jurisdictionally fatal although a party can seek permission to file a late claim under section 10 (6) of the Court of Claims Act subject to the applicable statute of limitations under article 2 of the CPLR. (Kolnacki v State of New York, 8 NY3d 277 [2007].)
A jurisdictional infirmity cannot be remedied by amendment; thus, claimant’s motion must be decided with reference to the so-called four corners of the original claim. (Nasir v State of New York, 41 AD3d 677 [2d Dept 2007]; Grande v State of New York, 160 Misc 2d 383 [Ct Cl 1994].) According to the claim as first presented, which attached photographs of the site from a number of vantages:
The incident “occurred on June 17, 2006 at approximately 11:30 p.m. upon a stairway leading to the entrance of the premises known as the Performing Arts Center at Queens College located at Reeves Avenue with its intersection with 61 Road, Borough of Queens” (claim 1Í 4).
Claimant was
“on the third set of stairs walking down [from the] entrance . . . when she was caused to trip and fall as a result of a defective and dangerous condition, to wit: steps which were broken, cracked, defective with raised portions and violation of applicable *683 building codes, and as a result of the poorly maintained step existing thereat, as well as poor lighting conditions.” (Id. 1Í1I 3, 4.)
When a claimant’s cause of action arises from a fall on stairs or a staircase, what level of detail in her pleadings is required to satisfy section 11 (b) of the Court of Claims Act? Before turning to Ms. Moravec’s claim, consider two situations. First, identifying the specific step itself is not required under section 11 (b); as a practical matter, the dynamics of a fall may involve more than one step. (Paul v State of New York, Ct Cl, Minarik, J., Mar. 14, 2008, claim No. 109802, UID No. 2008-031-501 [unreported].) At the other end of the specificity range, there is a failure of compliance with section 11 (b) if a claim does not identify which stairway was involved where a building has more than one stairway, such as ones denominated north and south. (See e.g. Riefler v State of New York, 228 AD2d 1000 [3d Dept 1996]; Lightbody v State of New York, Ct Cl, Marin, J., Aug. 7, 2002, claim No. 104183, motion Nos. M-65146, CM-65478, UID No. 2002-016-080.)
Ms. Moravec fell on a long exterior stairway broken into groups or sets of steps by a series of landings. The claim, as set out above, states that the steps were “broken, cracked, defective with raised portions.” Is a pleading that describes the location where the claim arose by the set of steps between two landings compliant with section 11 (b)?[2] Moreover, is a pleading, such as this, that states the incorrect set of steps compliant with section 11 (b)?
The parties have advanced no case law directly on point. The Court of Appeals has stated that the “guiding principle informing section 11 (b)” is that a claim be sufficiently definite “to enable the State ... to investigate the claim[s] promptly and to ascertain its liability under the circumstances” (Lepkowski v State of New York, 1 NY3d 201, 207 [2003], quoting Heisler v State of New York, 78 AD2d 767, 767 [4th Dept 1980]). “[A]bsolute exactness” is not required. (See Acee v State of New York, 81 AD3d 1410, 1411 [4th Dept 2011]; Triani v State of New York, 44 AD3d 1032 [2d Dept 2007].) I find that under the foregoing standard, the original Moravec claim is in compliance *684 with section 11 (b) of the Court of Claims Act, and accordingly may be amended per CPLR 3025 (b).
In view of the foregoing, having reviewed the submissions of the parties, it is ordered that motion No. M-78565 be granted, that cross motion No. CM-79549 be denied, and that claimant serve and file her amended claim within 45 days of the filing of this decision and order.

. This motion originally had a return date of July 21, 2010, the day the liability trial in this matter began. The motion was held in abeyance as the trial was continued due to the illness of a witness to December 21, 2010. On that day, at the close of trial, the parties agreed that this motion should be decided before posttrial submissions were made.

. For the purposes of section 11 (b), the stairs involved here are clearly distinguishable, for example, from a building’s interior fire stairway that goes from the top floor to the ground floor, for which the location of an incident would presumably need, at a minimum, to be described as occurring between two particular adjacent floors.