OPINION OF THE COURT
Michael E. Hudson, J.
Claimants seek to recover for injuries allegedly sustained by claimant William A. Wilson[2] in a fall while riding a bicycle in Niagara County, New York, on or about June 18, 2007. After serving their notice of intention to file a claim in early August of 2007, claimants filed this claim in June of 2008. In their claim the Wilsons described the location of the accident as “near the east ramp of Upper Mountain Road Extension, located in the County of Niagara and State of New York” (claim para 4). Their recitation of the manner of occurrence of the incident provided some further reference to the location, namely, that Mr. Wilson was “riding his bicycle on the above-referenced roadway,” and was caused to fall “due to a defective condition of the road” (claim para 5). Those allegations with respect to the place of the alleged fall mirrored identical provisions within the notice of intention the Wilsons had previously served (see affidavit of William D. Lonergan [Lonergan affidavit], exhibit A [notice of intention to file claim], paras 4, 5). Defendants filed their answer on August 6, 2008, in which they asserted as their fourth affirmative defense that “[t]he contents of the Claim served herein do not comply with the provisions of Section 11 of the Court of Claims Act” (answer para 10). Defendants further alleged as their sixth affirmative defense that “[t]he claim fails to include an adequate description of the location of the incident or condition, as the case may be, alleged in the claim as required by section 11 of the Court of Claims Act and, therefore, there is no proper claim over which the Court has jurisdiction” (answer para 12).
*181 Defendants now move pursuant to CPLR 3212 and 3211 (a) (2) and (7) to dismiss the claim as jurisdictionally defective under Court of Claims Act § 11 (b), urging that the pleading failed to adequately recite the place where the incident occurred. For reasons that follow I must grant the motion and dismiss the claim.
Court of Claims Act § 11 (b) sets certain specific pleading requirements as substantive conditions upon the State’s waiver of sovereign immunity, with noncompliance rendering a claim jurisdictionally defective (Lepkowski v State of New York, 1 NY3d 201, 206-207, 209 [2003]; see also Kolnacki v State of New York, 8 NY3d 277 [2007] [addressing jurisdictional nature of requirement to plead a total sum claimed]).[3] One such pleading requirement is a recitation of the “place where such claim arose.” The failure to adequately set forth the location of an incident is a jurisdictional defect that necessitates dismissal of the claim (Triani v State of New York, 44 AD3d 1032 [2007]). Similarly, the failure to adequately state the situs of an incident within a notice of intention to file a claim renders that document jurisdictionally defective, and thereby incapable of extending a litigant’s time for commencement (Wilson v State of New York, 61 AD3d 1367 [2009]).
In weighing compliance with section 11 (b)’s pleading requirements, I am mindful of several factors. First,
“[w]hat is required is not absolute exactness, but simply a statement made with sufficient definiteness to enable the State to be able to investigate the claim promptly and to ascertain its liability under the circumstances. The statement must be specific enough so as not to mislead, deceive or prejudice the rights of the State. In short, substantial compliance with section 11 [now section 11 (a) and (b)] is what is required” (Heisler v State of New York, 78 AD2d 767, 767 [1980]).
Indeed, it is the need for definiteness sufficient to enable the State to promptly investigate a claim and to ascertain its liability “which is the guiding principle informing section 11 (b)” (Lepkowski, 1 NY3d at 207). However, “a lack of prejudice to the State is an immaterial factor” in assessing compliance with such jurisdictional requirements (Byrne v State of New York, *182 104 AD2d 782, 784 [1984], lv denied 64 NY2d 607 [1985] [addressing jurisdictional filing requirements]; see also Wilson, 61 AD3d at 1368). Further, the State is not required to go beyond the claim or notice of intention in order to investigate an occurrence, or ferret out information which should be provided under section 11 (b) (Lepkowski, 1 NY3d at 208; Cobin v State of New York, 234 AD2d 498, 499 [1996]).
In assessing the adequacy of allegations regarding the place of accrual the gravamen of the claim is also relevant, in that specificity regarding the location of an incident can be of greater significance when a claim is based upon an alleged defect in a premises — particularly an outdoor setting — than when the cause of action is not dependent upon a dangerous condition. Thus, in Deep v State of New York (56 AD3d 1260 [2008]), a lack of detail regarding the exact location on a specified roadway where a multi-vehicle accident occurred was found not to be jurisdiction-ally defective, where the nature of the claim involved the State’s operation of a vehicle, and the defendant could promptly investigate and assess its potential liability. In contrast, in Sheils v State of New York (249 AD2d 459 [1998]) a lack of detail within a notice of intention and claim regarding the exact location along a 1,000-foot length of specified roadway in front of a church property where a pedestrian fell was held to be jurisdictionally defective, where the fall was attributed to a defect along the roadway (see also Wilson, 61 AD3d 1367 [2009] [notice of intention defective for failing to recite year of injury, and a particular road or place on such road where fall allegedly occurred]; Triani, 44 AD3d 1032 [2007] [reversing Court of Claims’ determination that description of accident site as the sidewalk abutting Kingsboro Hospital, at 681 Clarkson Avenue in Brooklyn, sufficiently described the place where a slip and fall occurred];[4] Schneider v State of New York, 234 AD2d 357, 357 [1996] [notice of intention and claim alleging trip and fall “in the picnic area adjacent to the parking area” at a specified State park with multiple picnic and parking areas jurisdictionally defective]; Cobin, 234 AD2d at 499 [allegation within notice of intention that claimant tripped and fell “on the boardwalk at Jones Beach, County of Nassau, State of New York, in the East Quarter Circle, or its vicinity” jurisdictionally defective]). I *183 lastly note that Vargas v State of New York (83 AD3d 1525 [2011]), cited by defendants herein, similarly affirmed the dismissal of a claim that was based upon the failure to recite the particular location along 4.7 miles of an identified roadway wherein claimed dangerous pavement allegedly caused a motorcyclist to crash, or the nature of the pavement defect involved.[5]
Here, the claim is similarly premised upon an alleged defect in an open setting, such that specificity in the description of the location of the incident is of heightened significance. When so viewed claimants’ efforts at complying with the jurisdictional “place where” requirement are clearly inadequate. Paul Uebelhoer, the New York State Department of Transportation Assistant Resident Engineer for the Niagara County Residency — the county where the incident allegedly occurred — has reported on his knowledge that the State does not own or maintain a roadway identified as Upper Mountain Road Extension. Mr. Uebelhoer has further alleged that claimants’ description of the place of the accident did not initially help him determine its location, as he was unaware of a roadway bearing that name, and that it was only after he reviewed photographs that claimants had provided to the Attorney General’s Office that he was able to locate the reported accident site. By that point, early in 2009, the roadway had changed, as a result of a resurfacing project that had occurred several months earlier. Mr. Uebelhoer further confirmed that the area depicted within those photographs is not identified by the DOT under the name Upper Mountain Road Extension. I further note that in a deposition Theresa Y. Kelleher, a civil engineer assigned to highway maintenance in the DOT’s Niagara County Residency at the time in issue, also denied having heard of the alleged accident location site referred to as the Upper Mountain Road Extension to Route 104 (see Lonergan affidavit, exhibit I, at 23). Moreover, Kenneth Peters, an investigator employed by the New York State Department of Law, has averred on his knowledge that he traveled the entire length of Upper Mountain Road in Niagara County, from Lock-port to Lewiston, and found no signage that referred to Upper Mountain Road Extension over that distance, which totaled approximately 20 miles. The investigator was unsuccessful in his efforts to locate a police accident report for *184 the incident from any of five police agencies in Niagara County,[6] and similarly reported that he was only able to locate the accident scene early in 2009, after claimants tendered photographs to the Attorney General’s Office.[7] The misidentification of the name of the road involved, when combined with the complete failure to recite the municipality wherein the accident occurred, compels dismissal.
Moreover, even assuming that the roadway in question was formally designated or colloquially known as Upper Mountain Road Extension, and that all concerned knew the municipality where that road was located, claimants’ recitation of the place where the accident occurred would still be jurisdictionally defective. The location of the fall is simply described as “near the east ramp of that road,” and while riding his bicycle on that roadway. To the extent that an identification of a particular defect could itself help position the accident scene, claimants instead chose to make reference to a wholly unspecified “defective condition of the road.” Those allegations differ from the description later set forth in their bill of particulars (Lonergan affidavit, exhibit E) that the accident occurred “on” rather than “near” the east ramp of Upper Mountain Road Extension (id. para 5). The bill of particulars also included the first description of the condition in issue, i.e., a “depression” in the surface of the roadway on its shoulders (id. paras 6, 7). Even then, however, it was only in the course of his deposition in November 2009 that Mr. Wilson reported that he was caused to fall from his bicycle due to a defect at the point where the concrete travel lane joined the lower asphalt left shoulder as he rode down the ramp (see Lonergan affidavit, exhibit G [examination before trial of William A. Wilson at 26-33]). Clearly, nothing within the notice of intention, claim, or bill of particulars would have *185 directed defendants’ attention to the site and defect ultimately described by Mr. Wilson in his deposition.
Several matters raised by claimants in their opposing papers, and at oral argument, warrant specific comment. Initially, I reject any notion that defendants improperly delayed their request for dismissal, or that they failed to timely apprise claimants of the claimed jurisdictional defect, or that they should simply have contacted claimants to resolve their uncertainty in determining the location of the incident. Questions of subject matter jurisdiction may be raised at any time, and even by the court sua sponte (see Signature Health Ctr., LLC v State of New York, 42 AD3d 678, 679 [2007]). Moreover, defendants promptly raised the failure of the claim to adequately describe the location of the incident or condition, as a matter of jurisdiction under section 11, within the sixth affirmative defense of their answer. Lastly, with respect to the suggestion that informal contact between counsel could have resolved the pleading ambiguity, once again Lepkowski makes clear that defendants are under no obligation to ferret out or assemble the information that section 11 (b) requires claimants to set forth within their pleading (see 1 NY3d at 208). I would add that defendants’ formal request in that regard within their demand for a bill of particulars led to yet another ambiguous, and inconsistent, description of the incident location.
Second, I reject claimants’ assertion that the adequacy of the claim should be considered in its entirety, and without regard to a particular pleading defect, with the focus on whether the allegations as a whole provided defendants sufficient information to ascertain their potential liability. That approach to the pleading requirements of section 11 (b) was expressly rejected in Kolnacki, as the Court of Appeals reaffirmed its holding in Lepkowski: “Lepkowski made clear that all of the requirements in section 11 (b) are ‘substantive conditions upon the State’s waiver of sovereign immunity’ (1 NY3d at 207). The failure to satisfy any of the conditions is a jurisdictional defect” (8 NY3d at 280-281 [emphasis added]).
Third, I do not view Acee v State of New York (81 AD3d 1410 [2011]) as supporting claimants’ assertions of pleading sufficiency. In Acee the Appellate Division, Fourth Judicial Department, reversed a dismissal of a claim premised upon an alleged inadequate pleading of a place where a fall occurred in an earlier notice of intention. In so doing, the Fourth Department disregarded a mistaken assertion that a fall occurred in a park *186 ing lot at Groveland Correctional Facility where the claimant had parked her car, when she instead had fallen within a contiguous perimeter roadway that was undelineated, and could not be distinguished from that lot. The Appellate Division instead focused on further allegations that the fall occurred on broken pavement “near the gate to the entrance of the facility,” together with the implicit assertion that the accident occurred between the claimant’s parked vehicle and the prison gate, and found that description of the accident location to be sufficient. Here, the notice of intention and claim failed to identify an observable defect that would equate with the Acee recitation of broken pavement, or describe a point of reference for that defect that is anywhere near as precise as a facility gate. Moreover, Acee involved a specific prison facility, rather than a misidentified roadway.
I decline to defer determination of this motion in order to allow for depositions of Mr. Uebelhoer or Mr. Peters, or to strike their affidavits for nondisclosure pursuant to CPLR 3101. Their involvement in this matter occurred only after claimants served their notice of intention, and their relevance to this motion is confined solely to their investigation-related efforts on behalf of defendants in anticipation of the litigation. As such, they are not readily subject to deposition (see McCoy v State of New York, 52 AD3d 1212, 1213 [2008]). I note that claimants have made no showing of undue hardship necessitating those depositions in the preparation of their case, and indeed, have sought disclosure solely in relation to investigative efforts by those two individuals as part of the defense, which constitutes material prepared in anticipation of the litigation itself.
Based upon the above, it is ordered, that defendants’ motion is hereby granted, and the claim is dismissed.

. The cause of action of claimant Amy Wilson is purely derivative in nature.

. Section 11 (b) was amended effective August 15, 2007 (L 2007, ch 606, § 1) to abrogate the requirement to plead a total sum claimed in certain tort claims.

. See Triani v State of New York (Ct Cl, Aug. 30, 2006, Marin, J., UID No. 2006-016-055, claim No. 112028, motion No. M-71583). Unpublished decisions and orders are available on the Court of Claims Web site at www.nyscourtofclaims.state.ny.us.

. See Vargas v State of New York (Ct Cl, June 19, 2009, Moriarty, J., UID No. 2009-037-020, claim No. 111449, motion No. M-75964).

. I agree that Investigator Peters’ reports of comments regarding the nonexistence of a road named Upper Mountain Road Extension are improper hearsay to the extent offered for their truth (see Bielak v Plainville Farms, 299 AD2d 900 [2002] [affidavit based upon hearsay lacks evidentiary value on summary judgment motion]), but otherwise support that he had attempted to locate the accident site, without success.

. Neither Mr. Uebelhoer nor Mr. Peters specified when their initial efforts at locating the accident site took place. However, from their affidavits it is clear that those efforts occurred before claimants tendered photographs to the Attorney General’s Office on January 12, 2009 (see affidavit of William D. Lonergan, sworn to Oct. 3, 2011 [Lonergan reply affidavit para 30]). Each was then able to locate the area of roadway involved, based upon a review of the tendered photographs.