Constable v State of New York (2019 NY Slip Op 03318)





Constable v State of New York


2019 NY Slip Op 03318


Decided on May 1, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2017-05109

[*1]Diane Constable, appellant,
v
State of New York, respondent. (Claim No. 123571)


Meagher & Meagher, P.C., White Plains, NY (Merryl F. Weiner of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Anisha S. Dasgupta and Scott A. Eisman of counsel), for respondent.



DECISION & ORDER
In a claim to recover damages for personal injuries, the claimant appeals from an order of the Court of Claims (Gina M. Lopez-Summa, J.), dated January 20, 2017. The order granted that branch of the defendant's motion which was for summary judgment dismissing the claim for failure to adequately set forth the place where such claim arose as required by Court of Claims Act § 11(b).
ORDERED that the order is affirmed, with costs.
Pursuant to Court of Claims Act § 11(b), a notice of intention to file a claim and a claim must set forth, inter alia, the "place where such claim arose." In the instant case, the claimant's notice of intention to file a claim and claim merely alleged that the claimant had fallen "on the ground level of the Stony Brook University Hospital's North Visitor's Parking Lot, which is adjacent to the Emergency Room Entrance. Specifically, Claimant fell because of the hazardous conditions located adjacent to the column designated as D1 on the ground level."
In support of its motion for summary judgment dismissing the claim, the State submitted the affidavit of Christopher T. Ward, manager of the subject parking garage at the time in question. Ward attested that there are 28 columns labeled "D1" in the parking garage located on the ground level. Thus, the notice of intention to file a claim and the claim failed to provide the State with a sufficient description of the place of the accident (see Lepkowski v State of New York, 1 NY3d 201; Triani v State of New York, 44 AD3d 1032; Cobin v State of New York, 234 AD2d 498; Schneider v State of New York, 234 AD2d 357; Torres v State of New York, 233 AD2d 389; cf. Acee v State of New York, 81 AD3d 1410; Oliver v State of N.Y. [SUNY] Health Science Ctr. at Brooklyn, 40 AD3d 719). Therefore, we agree with the Court of Claims' determination granting that branch of the State's motion which was for summary judgment dismissing the claim on the basis of the claimant's failure to comply with the requirements of Court of Claims Act § 11(b).
We note that the claim was filed in November 2013, and the State waited until March [*2]2015, six months after the last deposition was conducted, to seek dismissal on the ground that the claim insufficiently described the location of the alleged accident. There is no evidence in the record to show, nor does the plaintiff allege, that the State's delay in moving for this relief was a litigation tactic. The State placed the claimant on notice of the issue by a clearly stated affirmative defense in its answer to the claim. No legal authority has been brought to our attention that would require the State to move for dismissal on the basis of this affirmative defense within a specified period of time (cf. CPLR 3211[e]). Thus, the State was within its rights to make its motion when it did, notwithstanding that it had acquired more information as to the location of the alleged accident through discovery. While it may seem wasteful, and potentially prejudicial to claimants, for the State not to move in the early stages of the litigation for dismissal on the ground of an insufficient location description, whether such a time limitation should be imposed is a matter for legislative, not judicial, consideration.
SCHEINKMAN, P.J., LEVENTHAL, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court