Matter of Geneva Foundry Litig. (2019 NY Slip Op 05271)





Matter of Geneva Foundry Litig.


2019 NY Slip Op 05271


Decided on June 28, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 28, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, DEJOSEPH, AND NEMOYER, JJ.


158 CA 18-01674

[*1]IN THE MATTER OF GENEVA FOUNDRY LITIGATION.
MAIRA AGUILERA, ET AL., CLAIMANTS-APPELLANTS, 
 v
STATE OF NEW YORK, DEFENDANT-RESPONDENT. (CLAIM NO. 129067.)
DOROTHY WILLIAMS, CLAIMANT-APPELLANT,
v
STATE OF NEW YORK, DEFENDANT-RESPONDENT. (CLAIM NO. 129460.) 






SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE (DAVID M. KATZ OF COUNSEL), FOR CLAIMANTS-APPELLANTS. 
 


 Appeal from an order of the Court of Claims (Debra A. Martin, J.), entered January 23, 2018. The order granted defendant's motion to dismiss the claims. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Claimants commenced these actions asserting claims based on theories of, inter alia, negligence and inverse condemnation stemming from defendant's purported concealment of toxic contamination in the vicinity of a now-defunct factory in the City of Geneva. The Court of Claims thereafter granted defendant's motion to dismiss all of the claims, holding, inter alia, that the claims were jurisdictionally defective because they failed to adequately plead when they arose (see generally Court of Claims Act § 11 [b]). Claimants appeal, and we now affirm.
The State of New York is sovereign and has consented to be sued only in strict accordance with the requirements of the Court of Claims Act (see Court of Claims Act § 8; Kolnacki v State of New York, 8 NY3d 277, 280 [2007], rearg denied 8 NY3d 994 [2007]). Among those requirements is the claimant's duty to allege "the time when [the] claim arose" (§ 11 [b]). The requirements of section 11 (b) are jurisdictional in nature (see Kolnacki, 8 NY3d at 281), and the failure to satisfy them mandates dismissal of the claim without regard to whether the State was prejudiced (see Wilson v State of New York, 61 AD3d 1367, 1368 [4th Dept 2009]) or had access to the requisite information from its own records (see Lepkowski v State of New York, 1 NY3d 201, 208 [2003]). As the Court of Appeals has explained, the State is not required "to ferret out or assemble information that section 11 (b) obligates the claimant to allege" (id.).
To adequately plead when the claim arose, the claimant must allege the date of the tort or other claim, as the case may be, with sufficient definiteness to enable the State to investigate the claim promptly and ascertain its potential liability (see id. at 207). In other words, the claimant must allege the "date, time and place of the mishap" (Heisler v State of New York, 78 AD2d 767, 768 [4th Dept 1980]). If the claimant fails to specify the dates relevant to the elements of the [*2]claim or provides only a broad range of dates, the claim is jurisdictionally defective and properly dismissed (see e.g. Lepkowski, 1 NY3d at 207; Dixon v State of New York, 153 AD3d 1529, 1530 [3d Dept 2017], appeal dismissed 30 NY3d 1087 [2018]; Hargrove v State of New York, 138 AD3d 777, 777-778 [2d Dept 2016]; Jones v State of New York, 56 AD3d 906, 907-908 [3d Dept 2008]; Robin BB. v State of New York, 56 AD3d 932, 932-933 [3d Dept 2008]).
Here, although claimants adequately specified when defendant's negligent acts allegedly occurred, they failed to supply any dates or ranges of dates regarding their alleged injuries, such as when they were exposed to toxins, when they developed symptoms, when they sought treatment, or when they were diagnosed with an illness. Instead, claimants alleged only the dates of their residence in Geneva and the dates when news of the contamination became public. Claimants' allegations are insufficient to enable defendant to adequately investigate the claims in order to ascertain its liability, if any. Given claimants' failure to provide any dates regarding their alleged injuries, defendant could not realistically differentiate between those injuries attributable to toxic exposure and those injuries attributable to other causes. We therefore conclude that claimants failed to adequately plead when the claims arose for purposes of Court of Claims Act § 11 (b). Consequently, the court properly dismissed the claims as jurisdictionally defective (see Lepkowski, 1 NY3d at 206-207; Hargrove, 138 AD3d at 777-778; Jones, 56 AD3d at 907-908).
We emphasize that the claims here are subject to dismissal because claimants failed to sufficiently plead when the claims "arose," not because they failed to allege the "accrual date." The timeliness of a claim is measured by its "accrual date" (Court of Claims Act § 10 [3], [7]), but the sufficiency of its pleading is measured by, inter alia, the claim's description of when it "arose"
(§ 11 [b]). Although the terms are similar, they are not synonymous and should not be used interchangeably (see e.g. Wilson, 61 AD3d at 1368; Breen v State of New York, 179 Misc 42, 43 [Ct Cl 1942]). The parties' remaining contentions are academic in light of our
determination.
Entered: June 28, 2019
Mark W. Bennett
Clerk of the Court