Shabat v State of New York (2019 NY Slip Op 08589)





Shabat v State of New York


2019 NY Slip Op 08589


Decided on November 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2018-13336

[*1]Tiffany Shabat, appellant, 
v
State of New York, et al., respondents. (Claim No. 128591)


Michael N. David, New York, NY (Michael B. Thomas of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Judith N. Vale and Amit R. Vora of counsel), for respondents.



DECISION & ORDER
In a claim to recover damages for personal injuries, the claimant appeals from an order of the Court of Claims (Judith A. Hard, J.), dated June 25, 2018. The order granted the defendants' motion for summary judgment dismissing the claim for failure to adequately set forth the place where such claim arose as required by Court of Claims Act § 11(b).
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the claim is denied.
The claimant allegedly was injured when she collided with a glass door at Brooklyn College. She filed a notice of intention to file a claim and a claim, both of which identified the door in question as "the extreme right glass exit door on the street level" at Whitehead Hall. The defendants moved for summary judgment dismissing the claim on the ground that the claim failed to provide the State with a sufficient description of the place of the accident. In support of the motion, the defendants submitted evidence that, due to the description of the door in question, their investigator had investigated the set of doors at the front of the building, but that during the discovery process, they came to learn that the claimant was alleging that the accident occurred at the set of doors at the back of the building. Thus, they argued, the claimant failed to give proper notice of the location where the claim arose, as required by Court of Claims Act § 11(b).
In opposition to the motion, the claimant submitted the affirmation of her attorney, who affirmed that the notice of intention to file a claim, which he had filed on the plaintiff's behalf, had indicated that photographs of the door in question were attached, and those photographs, which also were attached to the subject affirmation, clearly identified the set of doors at issue. In reply, the defendants asserted that no photographs were attached to the notice of intention. In support of this assertion, they submitted the affidavit of a paralegal at the Office of the General Counsel and Vice Chancellor for Legal Affairs for the City University of New York, who attested to conducting a thorough search of that agency's computer filing system and finding no such photographs. The defendants also submitted the affidavit of a legal assistant in the Claims Bureau in the New York City Office of the Attorney General of the State of New York, who attested to conducting a thorough search of that agency's computer filing system and finding no photographs.
In the order appealed from, the Court of Claims granted the defendants' motion on the ground that the claimant failed to comply with Court of Claims Act § 11(b). The court found that the claimant's description of the place of the accident was insufficient and that the affidavits submitted by the defendants in reply established that no photographs were attached to the notice of intention, notwithstanding the indication in the notice that photographs were attached. The claimant appeals.
Pursuant to Court of Claims Act § 11(b), a notice of intention to file a claim and a claim must set forth, inter alia, the "place where such claim arose" (see Constable v State of New York, 172 AD3d 681, 682; Hargrove v State of New York, 138 AD3d 777, 777; Triani v State of New York, 44 AD3d 1032, 1032). "On a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party'" (Vega v Restani Constr. Corp., 18 NY3d 499, 503 quoting Ortiz v Varsity Holdings, LLC, 18 NY3d 335, 339). Summary judgment is to be granted only where the moving party has "tender[ed] sufficient evidence to demonstrate the absence of any material issues of fact" (Alvarez v Prospect Hosp., 68 NY2d 320, 324). "[O]n such a motion, the court's role is limited to issue finding, not issue resolution" (Kriz v Schum, 75 NY2d 25, 33; see Dormitory Auth. of the State of N.Y. v Samson Constr. Co., 30 NY3d 704, 717). Here, the affidavits submitted by the defendants in reply created a triable issue of fact as to whether the claimant had included, with the notice of intention, photographs, which would have directed the defendants to the precise set of doors at issue. Accordingly, the Court of Claims should have denied the defendants' motion.
SCHEINKMAN, P.J., LASALLE, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court