Urena v State of New York (2024 NY Slip Op 24217)

[*1]

Urena v State of New York

2024 NY Slip Op 24217

Decided on July 31, 2024

Court Of Claims 

Marnin, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on July 31, 2024
Court of Claims 

Rafael Urena, Claimant,

against
The State of New York, THE CITY UNIVERSITY OF NEW YORK,[FN1] Defendants.

Claim No. 139003

For Claimant:
CURIS LAW, PLLC,
By: Antigone Curis, Esq.
For Defendants:
HON. LETITIA JAMES, NEW YORK STATE ATTORNEY GENERAL
By: Antonella Papaleo, Esq.
Assistant Attorney General

Seth M. Marnin, J.

Claimant Rafael Urena filed a tort claim on April 3, 2023 seeking damages for injuries that he allegedly sustained when his computer science professor sexually assaulted him while claimant was an undergraduate student at Queens College, The City University of New York 
(CUNY) in 1982. In response to service of the claim, defendants filed a pre-answer motion to dismiss the claim pursuant to CPLR 3211 (a) (2) and (a) (7) and Court of Claims Act § 11 (b) on April 27, 2023.[FN2]
 For the reasons detailed below, the defendants' motion to dismiss is denied.
[*2]The Claim
The claim alleges that claimant's computer science professor at Queens College sexually abused him on at least two occasions in the professor's office. (Claim at 2, ¶ 9.) These incidents are alleged to have occurred in 1982 when claimant was 19 years old. (Id.) The first incident described in the claim involved the professor placing his hands inside claimant's pants, fondling claimant's penis, and promising him answers for a test after telling claimant not to tell anyone about what happened. (Id.) The second incident, one week later, describes the professor sexually assaulting claimant. (Id.) Claimant asserts causes of action against the defendants for negligence; negligent hiring, retention, and supervision; and negligent infliction of emotional distress. (Id. at 2 - 3, ¶¶ 10 - 11.) Claimant alleges that he sustained severe and personal injuries resulting from the incident. (Id. at 2, ¶ 9.) He seeks both compensatory and punitive damages. (Id. at 4 — 5, ¶¶ 26 — 27.)
The Motion
In lieu of answering the claim, defendants have moved to dismiss the action on jurisdictional grounds pursuant to CPLR § 3211 (a) (2) and (7) and Court of Claims Act § 11 (b). Defendants maintain that claimant failed to allege specific facts to state a cause of action and failed to meet the heightened pleading standard set forth in Court of Claims Act § 11 (b). Defendants argue that the claim did not sufficiently allege the "time when," "place where," nor the nature of the claim but instead offered only vague dates and places and conclusory allegations. Defendants contend that citing "in or about 1982" as the time when the incidents occurred and identifying the unnamed professor's office as the location where the incidents occurred fails to provide defendants with enough information to investigate and promptly ascertain whether and how much liability they may have. Moreover, defendants argue, claimant failed to adequately articulate in his claim how the State "knew or should have known" that this professor's acts were foreseeable and how defendants were negligent. Defendants maintain that they are not required to seek out the facts necessary to understand and investigate the claim.[FN3]

Claimant opposes the motion to dismiss. In his opposition, claimant restates the facts of the claim and argues that by providing a specific year that the incidents occurred and claimant's age at the time of the incidents there is sufficient information to allow the defendants to investigate. Claimant further argues that he shared enough details about the professor to allow the defendants to determine the professor's name and therefore the location of the office. Moreover, claimant argues the defendants failed to demonstrate that they were unable to investigate with the information provided in the claim, that defendants are in exclusive possession of the information they seek, and it will only become available to claimant through discovery.
Defendants' reply to claimant's answering papers primarily addresses the adequacy of the [*3]allegations regarding the "time when" the claim arose, maintaining that "in or about 1982" renders the claim jurisdictionally defective. Defendants also reject claimant's argument that defendants needed to demonstrate that they were unable to investigate based on the information provided in the claim.
Analysis
It is well settled that when reviewing a motion to dismiss pursuant to CPLR 3211 on the ground that the claim fails to state a cause of action, the pleading is to be afforded a liberal construction. (See CPLR 3026; see also Leon v Martinez, 84 NY2d 83, 87-88 [1994].) In deciding the motion, the Court must deem the allegations in the claim to be true and afford claimant "the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory." (Id.; see Morone v Morone, 50 NY2d 481, 484, [1980]; Rovello v Orofino Realty Co., 40 NY2d 633, 634, [1976].) Therefore, the question before the Court when considering a motion to dismiss is "whether the proponent of the pleading has a cause of action, not whether he has stated one." (Leon v Martinez, 84 NY2d at 88, quoting Guggenheimer v Ginzburg, 43 NY2d 268, 275 [1977]; see also Dee v Rakower, 112 AD3d 204, 208 [2d Dept 2013].) Likewise, "[w]hether a plaintiff can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss" (Kaul v Brooklyn Friends Sch., 220 AD3d 936, 937-938 [2d Dept 2023] [citations omitted].)
It is also well established that the State's waiver of its sovereign immunity is conditioned upon claimant's satisfaction of the legislatively mandated pleading requirements set out in the Court of Claims Act § 11 (b). A claim must set forth the time when and the place where the claim arose and the nature of the claim. (Court of Claims Act § 11 [b].) Court of Claims Act § 11 (b) requirements are to ensure there is sufficient information provided to allow the State to investigate the claim and assess its liability. Enabling the defendants to investigate the claim promptly and ascertain their liability is the "guiding principle" that informs section 11 (b). (Martinez v State of New York, 215 AD3d 815, 817 [2d Dept 2023] quoting Lepkowski v State of New York, 1 NY3d 201, 207 [2003].) These cases and their progeny make clear that the fundamental purpose of the specificity requirement of Court of Claims Act § 11 (b) is to enable the State to investigate. Therefore, when the State insists, as it does here, that a claim does not meet this standard, "it is incumbent upon the defendant to demonstrate that it was unable to conduct an investigation based upon the information that was provided" (Matter of M.C. v State of New York, 74 Misc 3d 682, 691 [Ct Cl 2022] quoting Smith v State of New York, 25 Misc 3d 1216[A] [Ct Cl 2006]; see also, Santana v State of New York, 81 Misc 3d 1237[A] [Ct Cl 2023]); Pittman v State of New York, UID No. 2021-040-030 [Ct Cl McCarthy, J., July 26, 2021] [affirmation of defendant's counsel does not assert that an investigation could not be conducted based on the allegations in the claim]). Defendants have not attested that they have even attempted to conduct such an investigation.
Central to the Court's analysis here of the sufficiency of the legislatively mandated pleading requirements set out in the Court of Claims Act § 11 (b) is the relationship between the Child Victim's Act ("CVA") and the Adult Survivors Act ("ASA") (CPLR 214-j, as added by L 2022, ch 203, § 1). Of particular relevance are the decisions addressing the sufficiency of claims brought under the CVA. Unsurprisingly, the claimant and defendants take opposing views on the applicability of these decisions. Claimant relies on these decisions and concludes that his pleading is sufficient, and defendants insist that reliance on CVA cases is misplaced and the claim is jurisdictionally defective.
The ASA created a one-year revival period during which survivors of adult sexual assault could sue their abusers or abuser's enablers despite the expiration of previously applicable statutes of limitation. This law was enacted for the purpose of providing adult victims of certain sexual offenses "the opportunity to seek civil redress against their abusers or abuser's enablers in a court of law" (Senate Introducer's Mem in Support of 2022 NY Senate Bill S66-A). New York's decision to reopen the statute of limitations in these cases, according to the ASA's Assembly sponsor, was because the victims "deserve the right to go back to court to seek justice" (NY Assembly Debate on 2022 NY Senate Bill S66-A, May 23, 2022 ["Assembly Debate Transcript"] at 27). The ASA is the adult version of a similar revival statute, the CVA , which was enacted in 2019 and extended in 2020. (See CPLR 214-g; C.L. v County of Oneida, 212 NYS3d 533, 541 [Sup Ct 2024].) The ASA accomplishes for adult survivors of sexual assault, i.e., persons who were 18 or over at the time they were assaulted, what CPLR 214-g did for claimants who were children (under 18) when they were sexually abused. (Practice Commentaries [McKinney's Cons Laws of NY, Book 7B, CPLR 214-j][2022].) Indeed, the ASA contains "almost precisely the same statutory language" as the CVA. (Carroll v Trump, 650 F Supp 3d 213, 222 [SDNY 2023].)
The Court finds that the CVA and ASA were enacted by the New York State legislature for similar purposes: to amend the civil procedure rules by creating a revival period during which survivors of sexual assault could sue their abusers. (See New York Committee Report, 2021 NY Senate Bill 66, 244th Sess. [2020] ["Both bills were predicated on the widespread recognition that New York's existing statutes of limitations were insufficient in giving survivors of these heinous crimes enough time to pursue justice through criminal charges filing a civil lawsuit"].) Members of the legislature recognized that " . . . child abuse survivors, young adults, and older survivors often suppress[] memories of their abuse or they are afraid to come forward right away." (NY Senate, Stenographic Record at 2705 [Apr. 26, 2022]; see also, Assembly Debate Transcript at 46 ["We must do all we can to empower those who have been harmed by others, no matter their age, so they may hold their perpetrators accountable if they choose"].) The Court therefore concludes that it is appropriate to rely on CVA decisions in order to evaluate the sufficiency of pleadings in ASA claims. (See Condon v State of New York, UID No. 2024-053-534 [Ct Cl, Sampson, J., July 1, 2024].)
CVA claims filed in the Court of Claims have been challenged on several occasions for failing to satisfy the pleading requirements of the Court of Claims Act, particularly the "time when" and "nature of the claim" requirements. Motions to dismiss were granted for failing to identify a specific date to satisfy the "time when" requirement and/or provide sufficient detail to satisfy the "nature of the claim" requirement. However, on appeal, the Second, Third, and Fourth Departments have consistently rejected the notion that failure to set forth a specific date when the claim arose renders a CVA claim jurisdictionally defective. (See Young v State of New York, 223 AD3d 985, 985-986 [3d Dept 2024] [claim alleging childhood sexual abuse biweekly for about five months in approximately 1965 at the age of 10 was sufficient]; Ford v State of New York, 220 AD3d 752, 754 [2d Dept 2023] [allegations that abuse occurred in approximately 1997 enabled the State to investigate]; Rodriguez v State of New York, 219 AD3d 520, 522 [2d Dept 2023] [claim alleging sexual abuse occurred on two occasions in approximately 1987 when claimant was 16 years old satisfied "time when" requirement]; Chmielewski v State of New York, 217 AD3d 1583, 1585 [4th Dept 2023] [childhood sexual abuse occurred on or about and in between 1962 was sufficient to state "time when" claim occurred and claimant adequately stated [*4]the nature of her claim because she described the manner in which she was harmed and how the state was negligent]; Fletcher v State of New York, 218 AD3d 647, 650 [abuse began at age 4 and continued between two and three times a week to three to four times a year until age 12]; Davila v State of New York, 217 AD3d 921, 922 [2d Dept 2023] ["a claimant commencing a claim pursuant to the CVA is not required to allege the exact date on which the sexual abuse occurred" nor is claimant required to "set forth the evidentiary facts underlying the allegations of negligence" to satisfy the nature of the claim requirement of section 11 (b)]; Fenton v State of New York, 213 AD3d 737, 740 [2d Dept 2023] [alleging sexual abuse began in approximately 1982 and happened repeatedly from approximately 1982 to 1983 was sufficient]; Meyer v State of New York, 213 AD3d 753, 757 [2d Dept 2023] [beginning in 1978 and continuing until 1982 satisfies "time when" requirement]; Wagner v State of New York, 214 AD3d 930, 931-932 [2d Dept 2023] [claim arose in 1993 when claimant was 14 and attending gym class satisfied "time when" requirement and adequately stated the nature of the claim because she provided the manner in which she was harmed and how the state was negligent]; Wright v State of New York, 221 AD3d 132, 135 [3d Dept 2023] [abuse over a four year time frame provided sufficient information to allow defendant to investigate and therefore satisfied "time when" and nature of the claim requirements].) [FN4]

Here, claimant has alleged that "in or about 1982" when claimant was "approximately nineteen years old" and enrolled at Queens College, he was sexually abused by his computer science professor. (Claim at 2, ¶ 9.) He further alleges that the abuse occurred in this professor's office. (Id.) The claim asserts that the defendants were negligent in failing to protect the claimant from the sexual abuse while he was a student at the college. (Id., ¶ 10.) As the Second Department has observed, "[g]iven that the CVA allows claimants to bring civil actions decades after the alleged sexual abuse occurred, it is not clear how providing exact dates . . . would better enable the State to conduct a prompt investigation." (Meyer v State of New York, 213 AD3d 753, 755; Fletcher v State of New York, 218 AD3d 647, 650; Rodriguez v State of New York, 219 AD3d 520, 522; see also Young v State of New York, 223 AD3d 985, 986.) As discussed above, given the similarities between the intent and effect of the CVA and ASA, this observation is just as true for claims brought under the ASA as it is for claims brought under the CVA.
Determining whether a claim's articulation of the "time when" the claim arose is sufficient to allow the defendants to investigate and determine their liability under the circumstances is a "sui generis" decision that depends on the facts and circumstances set forth in the claim. (Meyer, 213 AD3d at 755; accord Chmielewski, 217 AD3d at 1585.) Given the particular facts and circumstances provided in the claim, the Court finds that in specifying that the sexual abuse happened "in or about 1982" when claimant was "approximately 19 years old" while a student at Queens College and in computer science professor's office, claimant has sufficiently alleged the time when and place where the abuse occurred in order to permit defendants to investigate. The combination of claimant's age, the year, and identifying the abuser as his computer science professor sufficiently informed the defendants of the time and place of the abuse. From these details, the defendants have sufficient notice of the time when the alleged [*5]abuse occurred and the place where it occurred in order to investigate the claim and assess their liability. (See Doe-19027 v State of New York, UID No. 2022-058-072 [Ct Cl, Leahy-Scott, J., Mar. 30, 2022] [denying motion to dismiss so much of a CVA claim that alleged the perpetrator, a teacher, sexually abused the claimant in class, and holding the reference to the "class" sufficiently informed the time when the abuse occurred in satisfaction of Court of Claims Act § 11 (b)].)
The Court is also unpersuaded that claimant's age, 19 at the time of the alleged assault, changes the outcome here. While the decisions in the Second, Third, and Fourth Department's CVA cases generally acknowledge claimant's age or status as a child when explaining the challenge of providing an exact date or dates or location when the sexual abuse took place, it is the passage of time since the incident occurred that is a more compelling explanation for the lack of "calendrical exactitude." (Pisula v Roman Catholic Archdiocese of NY, 201 AD3d 88, 104 [2d Dept 2021].) Moreover, if the precise age of the claimant was determinative, it would surely be reflected in the Appellate Divisions' analyses. Distinctions would likely be drawn, for example, between a six-year-old and a sixteen-year-old and their respective abilities to provide a more exact date. However, that analysis is absent. Additionally, the claimant's age at the time of the alleged abuse, whether an adult or a minor, does not impact the ability of the defendants to investigate.
Regarding the nature of the claim, claimant has alleged that the defendants were negligent in failing to protect claimant from the sexual abuse at the hands of a Queens College professor. Claimant articulates a variety of ways in which the defendants were allegedly negligent. (See claim at 2 — 3, ¶ ¶ 10 — 25 [defendants were negligent in the hiring, retention, and supervision of the employee who abused claimant; defendants knew about the abuse and failed to intervene and stop the abuse; defendants failed to investigate claims of abuse; etc.].) "The claimant is not required to set forth the evidentiary facts underlying the allegations of negligence in order to satisfy the section 11 (b) nature of the claim requirement." (Fletcher v State of New York, 218 AD3d 647, 650 [2d Dept 2023]; see also, Wright v State of New York, 221 AD3d 132, 136 [3d Dept 2023] [allegations are sufficient to provide defendant with "an indication of the manner in which . . . claimant was injured and how (defendants were) negligent"]; Brown v State of New York, 220 AD3d 703, 705 [2d Dept 2023] ["claimant's failure to provide a detailed explanation of how the defendant received notice of the alleged abuse is not necessary to enable the defendant to investigate the claim"]; but see Berg v State, 228 AD3d 1077 [3d Dept 2024].)
Defendants also highlight that claimant failed to name the professor. (Affirmation of defendants' counsel at 8, ¶ 15.) However, that the professor was not identified by name in the claim is not determinative. Court of Claims Act § 11 (b) requires the time when and place where the claim arose, the nature of the claim, and the damage or injuries claimed to have been sustained. Nowhere does the Court of Claims Act require identifying the perpetrator by name. (Mattaway v State of New York, UID No. 2018-049-012 [Ct Cl, Weinstein, J., April 30, 2018] [no requirement that an assailant and court officers be named for claimant to sufficiently plead negligence claim].) The Third Department, for example, found that the claim satisfied Court of Claims Act § 11 (b) pleading requirements where the claimant alleged that he was raped and sexually abused by numerous unnamed employees and members of the general public in multiple incidents over a four-year timespan. (See Wright, 221 AD3d at 135—36.) Here, the allegations are limited to one year and one computer science professor who was claimant's professor at the time of the alleged incidents. The Court therefore finds that the allegations are [*6]sufficient to enable the defendants to investigate and satisfies the pleading requirements of Court of Claims Act § 11 (b).
Defendants' argument that they are not required to "ferret out" information in order to investigate the claim, in reliance on Lepkowski v State of New York (1 NY3d 201, 208 2003), is misplaced. Lepkowski, like Matter of Geneva Foundry Litig., (173 AD3d 1812, 1813 [4th Dept 2019]), both concern motions to dismiss under Court of Claims Act § 11 (b) where there are multiple claimants with different accrual dates for the negligent acts alleged and distinct damages or injuries for each. (M.C. v State of New York, 74 Misc 3d 682, 690 [Ct Cl 2022].) Lepkowski involved hundreds of claimants who alleged that the State failed to properly pay them for hours worked over 40 hours. The claim did not identify where the claim arose nor the total amount of damages, as required by Court of Claims Act § 11 (b), nor was the claim properly verified. The Court of Appeals identified several pieces of information that were absent from the claim — the agency or department where each claimant worked overtime, the number of hours of overtime worked by each claimant, and the total sum sought by each claimant. (Lepkowski v State, 1 NY3d 201, 208-09 [2003].) Just in order to investigate that claim and understand its liability, the State would have, at minimum, needed to attempt to assemble (or "ferret out") information — the number of hours each of the hundreds of claimants worked over 40 and the hourly rate of each of those claimants. But that is simply not the case here. Not only is there just a single claimant, Mr. Urena, but the defendants need not "ferret out" or assemble additional information in order to investigate the claim or ascertain their liability. Cobin v State of New York, on which defendants also rely, similarly makes clear that the ability to investigate the claim is the linchpin in determining the sufficiency of the claim (234 AD2d 498, 499 [2nd Dept 1996]).
Claimant will have a heavier burden at trial to prove his claim with testimony and evidence. However, as discussed above, the Court finds that the allegations set forth in the claim are sufficient to enable the defendants to investigate and ascertain their liability and defendants have not demonstrated that they have been unable to do so. The Court therefore concludes that the claim satisfies the "time when," "place where," and nature of the claim requirements of Court of Claims Act § 11 (b).
In light of the above, it is:
ORDERED, that defendants' motion to dismiss (M-99376) is denied; and it is further
ORDERED that defendants shall file and serve their answer within forty (40) days of the filing date of this Decision and Order.
July 31, 2024
New York, New York
SETH M. MARNIN
Judge of the Court of Claims
The following documents were read and considered by the Court:
1. Notice of the motion to dismiss claim filed April 27, 2023;
2. Affirmation in support of defendants' motion to dismiss by Antonella Papaleo, Assistant Attorney General affirmed on April 27, 2023, with an exhibit;
3. Affirmation in opposition to defendants' motion to dismiss by Antigone Curis, Esq. affirmed on May 15, 2023, with exhibits 1 and 2;
4. Affirmation in further support of motion dismiss the claim by Antonella Papaleo, Assistant Attorney General affirmed on May 25, 2023; and
5 A verified claim filed on April 3, 2023.

Footnotes

Footnote 1:The caption has been amended sua sponte to reflect New York State and The City University of New York as the only proper defendants named.

Footnote 2:This motion was transferred to the undersigned by Order of Presiding Judge Sise, dated April 3, 2024. On May 28, 2024, the Court returned claimant's opposition to defendants' motion to dismiss for correction and the return date was extended to June 10, 2024.

Footnote 3:Defendants conclude their motion to dismiss arguing that, "[a]s discussed in detail above, the instant Claim should be dismissed first, and foremost, because it is unverified" (affirmation of defendants' counsel at 11, ¶ 23). However, defendants do not raise this issue anywhere in their papers. Moreover, exhibit A of defendants' motion is the claim which is properly verified by claimant's counsel, and states that the verification is made by counsel because claimant is not within the county where counsel has her office. Therefore, the Court finds this argument to be without merit and will not address it further.

Footnote 4:At the time of writing, the First Department has not yet published a decision addressing the sufficiency of allegations in a CVA claim under Court of Claims Act § 11 (b).